# HUGH J. BUNCH v. GEORGE H. WHEELER, Appellant.

### Division Two, March 31, 1908.

1. **PRIVATE ROAD: Reservation.** An express reservation of a passway or private road in a deed is equivalent, for the purpose of creating an easement of a passway, to an express grant by the grantee to the grantor.

2. ——————: ——————: **Construction.** Where the reservation of a passway through land conveyed to another, did not define what width the passway shall have, and there was no agreement whatever as to its width, it is not fairly susceptible of a construction for a road way twenty feet in width.

3. ——————: ——————: **Servient Owner.** By a deed conveying eighty-one acres of land with a reservation in the grantor for a private road or passway through the same, the grantee becomes the servient owner of the whole tract, subject only to the use by the grantor of a way over the land. The reservation divests the grantee as owner of the fee of none of the rights which as owner he possesses save and except the servitude and use of a passway by the grantor. It is not an exception of a specific strip twenty feet wide from the grant of the land, but a reservation of a right of way along certain lines.

4. ——————: ——————: **Void for Uncertainty: Mandatory Injunction.** The grantor in the deed "reserved the right of passway near the original road through said land for a passway," and the evidence showed there had long been an old road running through the tract near a spring on the east, in a westerly direction, through a horse lot as it was located at the time of the trial, and that at the time the land was conveyed there were two rail fences running from the horse lot, about one hundred feet apart on the west, and three hundred feet at the spring on the east, and within the strip thus inclosed was the "original road" referred to in the deed. *Held,* that the reservation was not void for uncertainty, but was a grant by the grantee to the grantor of the right to pass over the land along a route near to the then well-known and long-existing road through the land, and that it is the right of the grantee to put his gates at the termini of said way to permit the grantor to pass through said premises, and to indicate where the way shall be, provided it shall always be "near" the old road, and was not a reservation of a specific way twenty feet wide, but it is certain enough to require the grantee to indicate a passway wide enough for a

wagon and team, near the old road, having due regard to the nature of the soil, and to enjoin him (and his grantee) from preventing plaintiff from using the same in a reasonable and careful manner, and to require the grantor to shut and fasten the gates when he passes through, and to abstain from all injury to the crops and premises and the grantee's other paramount rights of possession.

Appeal from St. Clair Circuit Court.—*Hon. W. W. Graves*, Judge.

Reversed (*with directions*).

*Mann & Daniel* for appellant.

(1) The attempted reservation in the deed from plaintiff Bunch to Fisher of a right of way through the premises conveyed was void for want of certainty. "The right of a way near the original road" describes nothing and reserves nothing. Peterson v. Beha, 161 Mo. 513; Railroad v. Story, 96 Mo. 621; Barrett v. County Court, 44 Mo. 202; Railroad v. Newsom, 54 Ind. 125; Sonnells v. Minnesota Lake, 50 Minn. 556. (2) There is absolutely no evidence that plaintiff ever took possession under the deed, and used and traveled the particular strip of land twenty feet wide, described in plaintiff's petition and in the judgment of the court. (3) The evidence utterly fails to support the judgment, in this: The judgment describes a definite strip of ground twenty feet wide, running through the premises of defendant in an irregular, meandering course, and forever prohibits defendant from obstructing this strip of land. If the judgment is allowed to stand defendant, in order to comply with it, must, if he wants to use his other lands, fence this twenty-foot strip into a lane, and leave it open at each end, giving plaintiff possession of, and title to, a private road, definitely located on the site of the old "original road" across defendant's lands. The reservation in the deed, taken alone, certainly does not support the judgment. The evidence of possession and use under the deed does not

support the judgment because all plaintiff was ever permitted to use after deeding the land to Fisher was a gateway through the land, the location of which gateway is not definitely shown by the evidence.

*Jno. A. Gilbreath* and *J. C. Hargus* for respondent.

(1) The reservation in the deed was not void for want of certainty. Parol evidence is admissible to locate or identify things mentioned in the deed so as to satisfy the description therein. Bank v. Bates, 17 Mo. 583; Hart v. Rector, 7 Mo. 532; Landes v. Perkins, 12 Mo. 239; Bates v. Bank, 15 Mo. 309; Charles v. Patch, 87 Mo. 466; Hammond v. Johnston, 93 Mo. 214; Davis v. Watson, 89 Mo. App. 29; Lakeman v. Railroad, 36 Mo. App. 370; 14 Cyc., 1160; Kronenberger v. Hoffner, 44 Mo. 192; McAlister v. Honea, 71 Miss. 256; 1 Ballard on Real Prop., 113; 3 Ib. 212-215; 4 Ib. 187; 5 Ib. 200; 6 Ib. 224; 7 Ib. 183; 8 Ib. 188; 9 Ib. 175; 10 Ib. 162. (2) Where the width of the right of way granted be not defined in the deed, it will be construed to be a grant of so much as is reasonably necessary for the purpose for which it is granted. Davis v. Watson, 89 Mo. App. 30; Washburn, Real Property (11 Ed.), 311; 14 Cyc., 1160, 1161. (3) If the way granted is not definitely located, practical location and use of such a way by grantee under his deed, acquiesced in by the grantor at the time of the grant and for a time subsequent thereto, may operate as an assignment of the right and may be deemed that which it was intended to convey, and the same, in legal effect, as if fully described by the terms of the grant. French v. Hayes, 80 Am. Dec. 127; Wolf v. Dyer, 95 Mo. 545; Carter v. Foster, 145 Mo. 383; Davis v. Watson, 89 Mo. App. 30; Lawson on Contracts (2 Ed.), sec. 400; 14 Cyc., 1161; Atty.-Gen. v. Drummond, 1 Dr. & W. 353; Matthews v. Danby, 26 Mo. App. 660. (4) Construction put on a deed by the parties may be

proved by parol and ought to be followed, especially with respect to boundaries, when the language of the instrument is doubtful and the parties have agreed upon or acquiesced in a particular construction. Stone v. Clark, 35 Am. Dec. 372; Den v. Can Houten, 22 N. J. L. 67; Jennison v. Walker, 11 Gray 427; Perrine v. Jackson, 35 N. J. L. 143; Clark v. Wethey, 19 Wend. 320; French v. Pearce, 8 Conn. 439. (5) Where a right of way is granted without any description in the deed as to place, or where the description is uncertain, it becomes located by usage for a length of time. Jones v. Percival, 5 Pick. (Mass.) 485; Wynkoop v. Burger, 12 Johns. (N. Y.) 222; Osborn v. Wise, 7 C. & P. 723; French v. Hayes, 43 N. H. 32; O'Brien v. Schayer, 124 Mass. 211; 19 Am. and Eng. Ency. Law (1 Ed.), 99, 100, 101; 6 Ib., 143. (6) A reservation in a conveyance "of a reasonable right of way across the land conveyed" gives the owner of the dominant estate no right to inclose such right of way with fences. Sizer v. Quinlay, 82 Wis. 390; 33 Am. St. Rep. 57; Bakeman v. Talbot, 31 N. Y. 371, 88 Am. Dec. 279; Baker v. Frick, 45 Md. 337; Brill v. Brill, 108 N. Y. 517; Welch v. Wilcox, 100 Am. Dec. 115; Brown v. Meady, 10 Me. 391; Comstock v. Van Deusen, 5 Pick. 163; Wellman v. Churchill, 92 Me. 193; 8 Ballard, Real Prop., 190. (7) A clause in a deed following the description of the land, "saving and preserving, however, from the operation hereof, the road running along the southerly line of said parcels," reserves an easement therein in the grantor. Bolio v. Marvin, 130 Mich. 82; 10 Ballard, Real Prop., sec. 120; 9 Ib., sec. 176; 4 Ib., sec. 150; Tarbut v. Grant, 94 Me. 371; Devine v. McRohan, 65 S. W. 799; Carlson v. Railroad, 38 Minn. 305; Hedderly v. Johnson, 42 Minn. 443.

GANTT, J.—This is a proceeding commenced in the circuit court of St. Clair county, to obtain a man-

210 Sup—40

datory injunction, requiring defendant to remove his
fences across the alleged private roadway of plaintiff
and enjoining defendant from obstructing the same,
and to allow plaintiff the full and free use of said right
of way, where the same passes through the enclosure
and lands of defendant.

The cause resulted in a decree, wherein the court
found that plaintiff, Hugh J. Bunch, in February, 1893,
being then the owner in fee thereof, by warranty deed
conveyed to one Samuel Fisher the northwest quarter
of the southwest quarter and west half of Lot One of
the northwest quarter and eleven rods and two and
one-third feet, beginning at the southwest corner of
the north half of the northeast of southwest quarter
of section two, running north to the left bank of a
branch, then to follow the branch to the south line
of said tract, then to follow a line west to starting
point, all in section two, township 39, range 25, in
St. Clair county, Missouri, containing eighty-one acres
more or less, and in said conveyance said plaintiff, "H.
J. Bunch, reserved the right of passway near the orig-
inal road through said land for a passway," and the
court found by its decree that the said reservation was
of a specific right of way, twenty feet wide and twenty-
one and seventy-six one-hundredths chains in length,
beginning at a point in the Georgetown road south 54
degrees east of and 7.39 chains distant from the north-
west quarter of said section two, township 39, range
25, and thence in irregular line ending at a point on
the south line of the north half of the northeast quarter
of the southwest quarter of section 2, township 39,
range 25, 5.15 chains east of the southwest corner of
the north half of the northeast quarter of the south-
west quarter of said section 2. The court found that
the roadway above described runs near and on the
original road through said land and was the same used
by plaintiff before he sold the same to Fisher and the

same he had used until fenced up by defendant; that defendant at the time of the bringing of this suit and prior thereto had fenced up said passway, right of way and road, and refused to allow plaintiff to travel over the same and denied plaintiff's right to said passway. The court by its decree forever enjoined and restrained defendant, his tenants, agents and servants from obstructing said right of way.. From this decree defendants have appealed to this court.

As this is an appeal in equity, all the testimony is before us, and from it we glean that the plaintiff Bunch in 1893 conveyed the eighty-one acres described in the petition to one Fisher. The one acre had a spring on it which rendered it of peculiar value to the eighty acres. It is conceded on all sides that there was an old road running through this tract from a point near the spring in a westerly direction, through the horse lot as it was located at the time of the trial of the cause on the circuit, to the Georgetown road. The circuit court found that this was the "original road" referred to in the deed and the evidence sustains that finding. At the time plaintiff conveyed this land to Fisher there were two rail fences running from the horse or barn lot easterly to points on the east line of the eighty acres near the spring. These fences, according to the testimony on both sides, were about one hundred feet apart at the horse lot on the west and three hundred feet apart at the spring on the east, and inclosed a strip of ground three hundred feet wide on the east end and narrowing to one hundred feet at the west end, and within the strip ran the "original road" referred to in the deed. After he conveyed this land to Fisher, plaintiff continued to travel this road with the consent of Fisher until the fall of 1894, by going through gates erected on either side. In the fall of 1894, Fisher closed this passway and allowed plaintiff to go through on another route. In 1895, Fisher

conveyed the eighty-one acres to Wheeler, the defendant. In using the passway, while Fisher owned the land, plaintiff testified, he traveled between the two fences above referred to, "just anywhere" without confining himself to any specific twenty feet. After Wheeler purchased, he closed up the gates and refused to permit plaintiff to use the passway. Before bringing this suit, plaintiff took or sent Mr. Barr, a surveyor, to the lands and had him make a survey of the road twenty feet wide on what was pointed out to him by one Kiltman as the "original road." He, Barr, could not tell where the old road ran, until they came to the meadow, but in the meadow he could see the old trail. When this witness was on the stand he was asked by defendant's counsel, "if he could take the deed and locate the right of way or passway described in the deed." To which plaintiff objected and the court sustained the objection and defendant excepted. The evidence also disclosed that plaintiff owned a farm of about 515 acres east of this 81 acres, and a farm west of it.

The grounds upon which a reversal is sought are, *first*, that the reservation in the deed from plaintiff to Fisher of "the right of passway near the original road through said land for a passway" was and is void for uncertainty. *Second*, that if the reservation in the deed is void, then the testimony is entirely insufficient to show such a user of a definite route as would cure the defect in the reservation.

I. There is in this record no question of a way of necessity. Neither, in our opinion, does the record support the contention that the alleged passway was created otherwise than by express reservation in the deed of plaintiff to Fisher. This reservation in the deed from plaintiff to Fisher is equivalent, for the purpose of the creation of the easement of a passway, to an express grant by the grantee Fisher to plaintiff. We

think the reservation is not fairly susceptible of the construction placed on it by the circuit court, to-wit, that it was a grant of a right of way over the specific strip of land twenty feet wide and twenty-one and seventy-six hundredths chains in length, as set out in the decree. The reservation does not define what the width of the passway shall be and even if it had been competent to prove by parol what the width of the passway should be, there was no pretence that there was any agreement whatever as to its width. The survey made by Mr. Barr upon the information given him by Kiltman was wholly outside of the reservation, and of no legal efficacy. It did not and could not add to the grant contained in the reservation. There was no reservation of a right of way twenty feet wide and the marking of such a strip finds no basis in the deed of conveyance.

What then is a fair construction of this reservation? As already said, in our opinion it was not a reservation of a specific route or roadway twenty feet wide over and on the lines marked out by the surveyor, nor is it the intention of the parties that such passway was to be segregated from the lands conveyed so as to deprive the grantee Fisher of the title thereto, and control thereof. The reservation divested the grantee as owner of the fee of the land of none of the rights which as the owner he possessed, save and except the servitude and use of a passway by Bunch, the grantor, imposed by the reservation. By the deed Fisher became what is denominated in the law the servient owner of the eighty-one acres subject only to the use by Bunch, the plaintiff, of a way over the land. [3 Kent's Com., 419; Washburn on Easements, 215; Kripp v. Curtis, 71 Cal. 62.] "A way is a right, the enjoyment of which requires no exclusive possession of the *locus in quo*," by the owner thereof. [Randolph v. Montfort, 16 N. J. L. 226.] Elsewhere it is defined as "the right of going

over *another man's* ground.'' Obviously under all the authorities the reservation in the deed from Bunch to Fisher was not an exception of this way from the grant of the land of the specific twenty feet, but was a reservation only of a right of way along certain lines. We think a fair and reasonable construction of this reservation is that Fisher granted to Bunch a right to pass over the land along a route *near to the then well-known and long-existing road* through this land. We are not inclined to hold that the grant was void for uncertainty, inasmuch as it was a mere easement or right to pass over the land and as the old road was a fixed monument or well-defined course, and the right of way granted was to be near that original road, it was sufficiently definite, and that it was and is the right of the owner to put his gates at the east and west termini of said way to permit plaintiff to pass through said premises, and to indicate where the way shall be, provided always it shall be *"near"* (which is a relative word) *the old road.*

The decree of the specific way of twenty feet was in our opinion erroneous, and must be reversed with directions to the circuit court to require defendant Wheeler to erect a gate at the eastern terminus of said right of way, and another at the western terminus on the Georgetown road, and to indicate the location of such passway wide enough for a wagon and team near the line of the old road, having due regard to the nature of the soil, and to enjoin defendant Wheeler from preventing plaintiff from using the same in a reasonable and careful manner and requiring plaintiff to shut and fasten the said gates when he passes through the same, and to abstain from all injury to defendant's premises and crops and other paramount rights of possession of said eighty-one acres of land.

*Fox, P. J.,* and *Burgess, J.,* concur.