[No. 11243.    Department Two. — September 22, 1886.]

## FREDERICK KRIPP, RESPONDENT, *v.* JAMES S. CURTIS ET AL., APPELLANTS.

WAY OF NECESSITY — CONVEYANCE OF INCLOSED LAND — DESIGNATION OF WAY. — A conveyance of land which is entirely inclosed by other lands of the grantor carries with it, as appurtenant to the premises conveyed, a right of way of necessity over the adjoining lands of the grantor, subject to the limitation that the grantor may, in the first instance, designate the way to be pursued, and in the event of his failure so to do, the grantee may choose it for himself.

ID. — GRANTOR MAY DESIGNATE WAY — USER OF WAY BY GRANTEE — NOTICE. — In such a case, the grantor may designate a particular way in preference to one in use at the time of the conveyance; and the subsequent user by the grantee of the way as designated is sufficient notice of its existence to all persons claiming under the grantor.

ID. — ACTION TO ABATE OBSTRUCTIONS — DECLARATIONS OF GRANTOR — EVIDENCE. — In an action by the grantee against a subsequent purchaser from his grantor of the adjoining land to restrain the latter from obstructing the right of way, the declarations of the grantor relating to the designation of the line of way are admissible.

ID. — WAY BY PRESCRIPTION. — The continuous, uninterrupted, and exclusive user of a private way over the land of another for five years, under a claim of right and with the knowledge and acquiescence of the owner, is sufficient to create a right of way by prescription over such land.

APPEAL from a judgment of the Superior Court of Yolo County, and from an order refusing a new trial.

The facts are stated in the opinion.

*McKune & George*, for Appellants.

*Grove L. Johnson*, for Respondent.

SEARLS, C. — This is an action to recover damages for the obstruction of a private road, and to remove and abate such obstructions as a private nuisance.

Plaintiff had judgment abating the nuisance, and for damages in the sum of fifty dollars, from which, and from an order denying a new trial, the defendants appeal.

It is conceded that plaintiff has been the owner of the land described in his complaint since March 29, 1865, and that his title thereto came from one J. S. Curtis, who is also the grantor of defendants, by conveyances subsequently executed ; that there was a public road running through the land of Curtis, about one half mile from the land of plaintiff, and no public road to said plaintiff's land or nearer thereto than said public road.

The disputed facts were: 1. As to the existence of the private road from the highway to the land of plaintiff, and if yes, had it existed as such since 1865? 2. Had plaintiff any other way to the public road than the private way? 3. Did plaintiff hold and use the private way adversely to defendants and their grantors?

The findings of the court were in favor of plaintiff upon all the issues joined in the cause.

The privilege which one person, or particular description of persons, may have of passing over the land of another in some particular line is termed a *right of way*.

It is an incorporeal hereditament (3 Kent's Com. 419; Washburn on Easements, 215; *Boyce* v. *Brown*, 7 Barb. 80), an easement which does not necessarily divest the owner of the fee of the land, and, for all other purposes except the servitude or use as a way, he owns it, and may have his action for an injury to his residuary inter-

est as fully as he would be entitled to were it all his own. (*Gidney* v. *Earl*, 12 Wend. 98.)

A right of way may be public or private.

Public ways, as applied to ways by land, are usually termed "highways" or "public roads," and are such ways as every citizen has a right to use. (3 Kent's Com. 32.)

A private way relates to that class of easements in which a particular person, or particular description or class of persons, have an interest or right as distinguished from the general public.

Private ways in this country are frequently termed *public roads*, and are so designated in our statutes. The expression has been criticised as inapt and as tending to mislead (*Sherman* v. *Buick*, 32 Cal. 241); but it is nevertheless used to designate private ways.

A right of way may arise in this state: 1. By prescription,—that is, by an adverse user for five years; 2. By grant; 3. From necessity; 4. By statute.

Whether what are known as private roads under the statute do or do not in all respects come under the denomination of private ways, is of no importance in this case, as no claim is made under the statute.

There are two counts in the complaint. The first sets out a right of way of necessity, and the second states facts sufficient to show a way by prescription.

It is a well-settled principle of law that the grant of a thing shall carry all things included, without which the thing granted cannot be had.

It follows from this just principle that if A sell an acre of land to B, which is surrounded by other lands owned by A, a convenient way arises on behalf of B to go over A's land as a necessary incident. (Woolrych on Ways, 20; 3 Kent's Com. 513; *Holmes* v. *Seely*, 19 Wend. 507.)

The rule is said to be the same, although the land sold be not wholly inclosed by the lands of the grantor, but partly by the land of strangers, for the reason that the

grantee may not go over strangers' land. (*Clark* v. *Rugg*, 2 Roll. Abr. 60; *Smyles* v. *Hastings*, 22 N. Y. 217.)

This way of necessity should be a convenient one over the adjoining land of the grantor, due regard being had to the interest of both parties, subject to this limitation: the grantor may, in the first instance, designate the way to be pursued, and in the event of his failure so to do, the grantee may choose for himself. (*Holmes* v. *Seely, supra.*)

The right of way from necessity must be in fact what the term naturally imports, and cannot exist except in cases of strict necessity. It will not exist where a man can get to his property through his own land. That the way over his own land is too steep or too narrow, or that other and like difficulties exist, does not alter the case, and it is only where there is no way through his own land that a grantee can claim a right over that of his grantor. It must also appear that the grantee has no other way. (*McDonald* v. *Lindall*, 3 Rawle, 492; *Dodd* v. *Burdell*, 1 Hurl. & C. 122.)

A right of way thus acquired is said to be appendant or annexed to the estate, and will pass as appurtenant to the estate when sold. In this it differs from a right of way in gross, which is a mere personal right which cannot be assigned nor transmitted by descent, and which dies with the person. (3 Kent's Com. 420.)

A right of way from necessity only continues while the necessity exists. It is not enough that it continues to be a way of convenience, if it ceases to be indispensable as a means of access to the land. (Washburn on Easements, 220; *Holmes* v. *Seely, supra; New York Life Ins. Co.* v. *Milnor*, 1 Barb. Ch. 353.)

In the last-mentioned case it was held that "it would not be enough, however, that one having such way of necessity should acquire a parcel of land adjoining that to which such way belongs, to which there is access by a prescriptive right of way, since the owner of such a way

could only use it as a means of access to the particular parcel to which it is appurtenant."

In other words, that as the right by prescription only applies to, and can only be exercised for, the precise land to which it is appurtenant, it cannot be extended to other land so as to extinguish a right of way from necessity to the latter.

2. As to plaintiff's alleged right of way by prescription.

A prescription supposes a grant before the time of legal memory. It is founded on the immemorial use of the way by the claimant and his ancestors or grantors.

Immemorial use at common law was time out of mind. Time out of mind in contemplation of law in this state is five years.

An uninterrupted use and enjoyment of a right of private way over the land of another in this state for five years becomes an adverse enjoyment sufficient to raise the presumption of a grant. To have that effect, however, the user must have been under a claim of right, must have been continuous, uninterrupted, and exclusive, and with the knowledge and acquiescence of the owner. (Thompson on Highways, 338.)

"The time of enjoyment is deemed to be uninterrupted when it continues from ancestor to heir, and from seller to buyer." (Id.; 3 Kent's Com. 442; *Corning* v. *Gould*, 16 Wend. 534.)

The use of the easement for five years unexplained will be presumed to be under a claim or assertion of right, and adverse, and not by leave of or favor of the owner. (*Lansing* v. *Wiswell*, 5 Denio, 213.)

Wherever there is a question as to the user for a sufficient length of time, and whether the circumstances are of such a character as to constitute a right by prescription, the facts are to be determined by a jury or by the court sitting as such. (*Corning* v. *Gould, supra.*)

Tested by these elementary rules, the evidence was

ample to support the findings of the court in favor of plaintiff.

The grantor of plaintiff had purchased land from Curtis, under whom defendants also hold, which could not be reached except across the land of Curtis, or over that of strangers.

There had been a way from the land of plaintiff, passing through the grounds of Curtis, near his house. The latter, deeming it inconvenient to have this way left open, had, prior to the purchase by plaintiff, designated the way now in question, and when plaintiff was about to purchase, pointed it out as the way by which the land he was thinking of purchasing was to be reached. The road was opened, and its user was sufficient notice to defendants, who were subsequent purchasers under Curtis.

There was no error in the admission of the declarations of Curtis. They related to the designation of the line of the way. He had the primary right to designate the portion of his land over which the way by necessity should pass, and the evidence tended to show that he had done so.

It is true, as contended by the appellants, that *a grant* of a right of way cannot be created by parol. But it is equally true that a way of necessity does not lie in grant, and is not created by deed, but by operation of law, and as an appurtenant of a thing granted.

We are of opinion the judgment and order denying a new trial were clearly right, and should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.