[S. F. No. 1672.   Department Two.—December 29, 1900.]

## SEBASTIAN FRANZ, Respondent, v. FRANCISCO A. MENDONCA, Appellant.

PRIVATE WAY OVER PATENTED LAND—PRESCRIPTIVE RIGHT OF PRE-EMPTOR.—A prescriptive right to a private way over land held under a Mexican grant, which has been confirmed and patented, may be acquired by the adverse user of the way for any continuous period of five years by a pre-emptor who has the right of possession, cultivation, and use of the pre-empted land, which is good as against all, regardless of the time of issuance of his patent.

ID.—PERMISSIVE USE.—A prescriptive right to a private way cannot be acquired if the user is not adverse, but with the permission of the owners of the land over which it is claimed.

ID.—PRESUMPTION OF ADVERSE USER.—Where the user of the way is shown to have been continuous for the full period of limitation, unexplained, without anything in the evidence or in the circumstances of the case to indicate the contrary, it may be presumed that it was under claim of right and adverse to the owners of the land.

ID.—QUESTION OF FACT—PROVINCE OF TRIAL COURT.—The question whether the user of a private way was permissive or adverse is one of fact, which it is the province of the trial court to determine.

ID.—FINDING OF PERMISSIVE USE—INSUFFICIENCY OF EVIDENCE—CONFLICT—NEW TRIAL—DUTY OF JUDGE.—Where the trial judge is satisfied that a finding of permissive use is contrary to the weight of the evidence, it is his duty to grant a new trial, although the evidence may be conflicting. The rule as to conflict of evidence does not apply to the trial court.

APPEAL from an order of the Superior Court of Alameda County granting a new trial.   W. E. Greene, Judge.

The facts are stated in the opinion of the court.

John D. Whaley, for Appellant.

Reed & Nusbaumer, for Respondent.

HAYNES, C.—Plaintiff brought this action to enjoin the defendant from obstructing his private way across the defendant's land and for damages.

Upon the trial defendant had findings and judgment. Plaintiff moved for a new trial, his motion was granted, and the defendant appeals from the order granting said motion.

Plaintiff, in 1858, settled upon and entered a certain quarter section of government land situate in Washington township, county of Alameda, and in August, 1870, obtained a patent therefor. Subsequently, he acquired several other contiguous parcels, and plaintiff's said lands in part adjoin the land of defendant over which said private way is claimed to exist.

Defendant's land is part of a Mexican grant known as the Vallejo grant, for which a patent was issued by the United States to Vallejo in 1862, and in February, 1863, Vallejo conveyed the same to Jonas G. Clark. On December 18, 1884, Clark conveyed to Jorgenson, who reconveyed to Clark November 28, 1890, and Clark conveyed to defendant March 22, 1893.

Plaintiff's lands lie about a mile and a half northerly from the county road leading from Haywards to Niles, and defendant's land, consisting of a tract of about three hundred acres, part of said Mexican grant, lies between plaintiff's land and said highway.

The court found that "at various times during the period of thirty-seven years next preceding the commencement of this action plaintiff has used and traveled over said private road in order to reach his lands from said highway and return therefrom, for agricultural and pasturage purposes; but said use and travel over said private road by plaintiff was not continuous or with claim of right during said period of thirty-seven years, or during any period of five successive years thereof, but was with the permission of defendant's grantors."

The foregoing finding is the only one that need be quoted or specially noticed. Plaintiff's motion for a new trial specified

said finding, among others, as not supported by the evidence, and also specified that the decision was against law.

The plaintiff testified, in substance, that he lived on the land he entered from 1858 to 1872; that he did some work on the road in 1858, and on the "Mendonca land" in 1862 and 1863; that from 1862 until he left in 1872 he had to fix the road every spring; that during those years he traveled over it with a team, two horses and a wagon; that he hauled his grain to Alvarado over this road; that after Decoto station was established he hauled his grain there and made two trips a day, and could make three; that during all these years he used this road to take his produce out; that the division fence was built between himself and the Mendonca lands a year or two before he left; that "when they built the fence they came up to my house and asked me where I wanted the gate, and I went with them down and they showed me the gate, and they leave the board on the side, and I fix the gate." He further testified that since 1872 he leased the land every year, and went up there every year four or five times and followed that road, and that he was first prevented from going over the land in April, 1895.

1. Appellant contends that an adverse use of the way over the Mexican grant would not set the statute in motion until the grant was confirmed and the patent issued; but, as the patent issued the same year the road was made, it may be conceded that the statute did not begin to run in plaintiff's favor prior to 1862.

2. But it is also contended that a way appurtenant to plaintiff's land could not be initiated by adverse use until plaintiff's patent for the dominant estate was issued, which was not until 1870. It is conceded that plaintiff pre-empted his first tract in 1858; that is, his title under the government was initiated that year, and he then had a right of possession, cultivation and use, good against all, and that was sufficient.

3. It is also contended that in 1866 the plaintiff leased defendant's land and cultivated it for two years, ending in 1868, and that such leasing, possession, and control stopped the running of the statute, and that if plaintiff now has a prescriptive right it must have been reinitiated after his tenancy termi-

nated, and continued thereafter for the full term of five years. This may be conceded; but said tenancy ceased in 1868, while the use of the way continued down to the date of the interruption in 1895, so that a new period commenced in 1868, and we do not see that any interruption to the running of the statute occurred afterward. Certainly, the fact that Turkelson, who was plaintiff's tenant in 1877 to 1879, was also the lessee of the servient estate at the same time, could not affect the plaintiff's right. Besides, the period from 1868 to 1877 was more than sufficient for the running of the statute, and to give a prescriptive title, if the other requisite conditions existed.

4. The principal question, however, is suggested by the finding that plaintiff's use of the road "was not with claim of right, . . . . but was with the permission of defendant's grantors."

In *American Co. v. Bradford,* 27 Cal. 360, 367, Mr. Justice Curry, speaking for the court, said: "In order that the enjoyment of an easement in another's land may be conclusive of the right claimed, it must have been adverse in the legal sense of the term; that is, the right must have been asserted under a claim of title, with the knowledge and acquiescence of the owner of the land, and uninterrupted. The burden of proving this is on the party claiming the easement. If he leaves it doubtful whether the enjoyment was adverse, known to the owner and uninterrupted, it is not conclusive in his favor."

This case was cited and followed in *Alta Land etc. Co. v. Hancock,* 85 Cal. 219, 226.[1] In *Thomas v. England,* 71 Cal. 460, it was said: "To perfect an easement by occupancy for five years, the enjoyment must be adverse, continuous, open, peaceable. It must be adverse, and under claim of legal right so to do, and not by the consent, permission, or indulgence merely of the owner of the alleged servient estate. This is quite obvious in cases where the consent, permission, or license is expressly given. But it is no less true where the permission or license is implied, as it may well be from facts and circumstances under which the use was enjoyed. The question is one for the jury, or for the court sitting as such, to determine as a fact in the

---

[1] 20 Am. St. Rep. 217.

light of the relations between the parties and all the surrounding circumstances."

As to the facts which are essential to the creation of an easement by prescription there is no controversy. It is upon the facts to be inferred from the use under the circumstances detailed by the witnesses that the battle is waged.

In Washburn on Easements and Servitudes, fourth edition, page 156, it is said: "And if there has been the use of an easement for twenty years unexplained, it will be presumed to be under a claim of right, and adverse, and be sufficient to establish a title by prescription, and to authorize the presumption of a grant unless contradicted or explained."

To this statement the author cites a large number of cases from different states.

In *Cox v. Forrest,* 60 Md. 74, 79, the court, in an action to recover damages for obstructing a private right of way, said: "By 'adverse' is meant a user without license or permission, for an adverse right of an easement cannot grow out of a mere permissive enjoyment; the real point of distinction being between a permissive or tolerated user, and one which is claimed as a matter of right. Where one, however, has used a right of way for twenty years unexplained, it is but fair to presume the user is under a claim of right, unless it appears to have been by permission."

Mr. Justice Story, in *Ricard v. Williams,* 7 Wheat. 59, 105, in speaking of the inference to be drawn from possession, said: "Possession, *per se,* evidences no more than the mere fact of present occupation, by right; for the law will not presume a wrong. From the very nature of the case, therefore, it must depend upon the collateral circumstances what is the quality and extent of the interest claimed by the party, and to that extent only will the presumption of law go in his favor."

These cases lay down the general principles by which the question whether the use was adverse should be determined. The question is one of fact for the trial court, and it is the duty of the judge of the trial court to grant a new trial whenever he is satisfied that the verdict or finding is contrary to the weight of the evidence. The rule as to the conflict of evidence

does not apply to the trial court. (*Curtiss v. Starr*, 85 Cal. 376; *Bjorman v. Fort Bragg Redwood Co.*, 92 Cal. 500.)

The order appealed from should be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Henshaw, J., McFarland, J., Temple, J.