[Sac. No. 1358.   Department One.—October 11, 1906.]

## DAVID M. FLEMING, Respondent, v. ANNIE HOWARD et al., Appellants.

ACTION TO ESTABLISH WAY—PRESCRIPTIVE TITLE—CONFLICTING EVI-
DENCE.—In an action to establish a way resting upon a title by
prescription, where the court found for the plaintiff, and there was
evidence for the plaintiff to the effect that the way across defend-
ants' land had been used in connection with plaintiff's land con-
tinuously and without interruption for thirty-one years, and that
it was adverse in its inception, a *prima facie* title by prescription

was established; and the conclusion of the lower court against the credibility of conflicting evidence as to the use being permissive will not be disturbed upon appeal.

ID.—TESTIMONY OF HOSTILE WITNESS—DECLARATIONS FAVORABLE TO OPPOSITE SIDE.—Where a hostile witness uses expressions favorable to the side he opposes, the court may properly attach more importance thereto than to the main purport of his narrative.

APPEAL from an order of the Superior Court of Solano County denying a new trial. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, Theo. J. Roche, and H. D. Gill, for Appellants.

Frank R. Devlin, for Respondent.

SHAW, J.—The sole question presented in this case is the sufficiency of the evidence to sustain the finding that the plaintiff's predecessors in interest acquired by prescription the private right of way involved.

The case comes within the well-known rule that this court is bound by a decision of the lower court upon conflicting evidence. There was evidence to the effect that the road, or way, across the defendants' land had been used in connection with, and for the benefit of, plaintiff's land continuously and without interruption from the year 1871 down to 1902, immediately before the action was begun. There was no dispute over the fact that the use was continuous during this period. It was also shown that, during at least the last twenty-seven years of the time, gates were maintained and kept in repair by the owners of plaintiff's land at each end of the way, one of them being placed in the fence belonging to the defendants. The testimony on behalf of the plaintiff was to the effect that the use during the entire period was undisturbed. That it was adverse in its inception is not denied. Casey, who was the owner of the plaintiff's land from 1875 until June, 1902, testifying for the defendants, said, in substance, that during the first three years of his ownership he used the way under a claim of right. If the testimony on behalf of the defendants is disregarded, or only those parts are accepted which tend

to confirm the plaintiff's case, as some parts of it do, the fact is clearly established that there was an open, visible, continuous, and unmolested use of the way for more than thirty years prior to the beginning of the action. Under these circumstances it will be presumed that the use was under a claim of right and adverse, and a *prima facie* title by prescription is thereby established. (Washburn on Easements, 4th ed., p. 156; 14 Cyc. of L. & P. 1147; *Kripp* v. *Curtis*, 71 Cal. 66, [11 Pac. 879]; *Franz* v. *Mendonca*, 131 Cal. 209, [63 Pac. 361].) "A presumption that the use was under a claim of right and adverse arises from an undisputed use of an easement for the established period of prescription; and the burden is upon the party alleging that the use has been by virtue of a license or permission, to prove that fact by affirmative evidence. . . . Where an open and uninterrupted use of an easement for a sufficient length of time to create the presumption of a grant is shown, if the other party relies on the fact that these acts or any part of them were permissive, it is incumbent on such party, by sufficient proof, to rebut such presumption of a non-appearing grant; otherwise the presumption stands as sufficient proof, and establishes the right." (Jones on Easements, sec. 186.)

It is claimed that the testimony of the defendants, and of Casey in their behalf, satisfactorily explains this use and conclusively shows that it was by permission, and therefore not adverse. But this testimony as to permission, though not directly contradicted, was in its most important part inherently improbable, or at least it might reasonably have been so considered by the court below. It was, to some extent, equivocal in the use of terms, the defendants themselves were interested witnesses, and their testimony was contradictory to each other and of that of Casey in important details. Casey's testimony was, to some extent, impeached by proof of inconsistent statements and conduct, and he appears to have been somewhat interested in favor of the defendants. Some parts of his testimony slightly corroborated the plaintiff's case, as also do parts of the testimony of the defendants. Where a hostile witness uses expressions favorable to the side he opposes, a court may properly attach more importance thereto than to the main purport of his narrative. The combined effect of all these circumstances may have so impaired the credit of these

witnesses in the mind of the court below that it may have disbelieved them entirely, or regarded only those parts of their testimony which were favorable to the plaintiff. Upon this ground it may have considered their attempted explanation of the character of the use of the way as unreliable, unsatisfactory, and insufficient to prove permissive use. In view of the findings we are bound to presume that it did so consider it. Its conclusions as to the credibility of the testimony in this respect cannot, under the circumstances stated, be overturned or changed by the supreme court. (*Anglo-Californian Bank* v. *Cerf*, 147 Cal. 396, [81 Pac. 1081].)

The order denying the defendants' motion for a new trial is affirmed.

Angellotti, J., and Sloss, J., concurred.