[Civ. No. 6315. First Appellate District, Division Two.—June 13, 1928.]

F. W. MATTHIESSEN, Appellant, v. MARIA GRAND et al., Respondents.

Charles F. Blackstock and E. S. Gardner for Appellant.

Coleman E. Stewart for Respondents.

THOMPSON (R. L.), J., *pro tem.*—This is an appeal from a judgment in favor of defendants and cross-complainants, quieting title to a private roadway across plaintiff's land, and enjoining the maintenance of obstructions thereon.

Plaintiff brought an action to enjoin defendants from trespassing on his land. The defendants filed a cross-complaint claiming an easement by prescription to a 12-foot roadway some 10 miles in length across the premises of plaintiff from their adjoining ranch to a public highway beyond, and alleging that plaintiff had obstructed said right of way by constructing and maintaining a barrier across the roadway. The trial court found that plaintiff was the owner of the San Marcos Rancho consisting of a 47,000-acre tract of land in Santa Barbara County, including sections 1 and 12 in township 6, north of range 29 west, and section 6 in township 6, north of range 28 west, and sections 29, 30 and 31 in township 7, north of range 28 west. That the defendants were the owners of 160 acres of land situated on the north and adjacent to the premises of plaintiff, and that "defendants . . . are the owners in possession and entitled to the possession of a private right of way over the lands of plaintiff, . . . from the lands of defendant . . . to the San Marcos Road, said right of way being a well-defined and marked roadway approximately twelve feet in width, commencing at a point on the northeasterly line of said San Marcos Road directly opposite the juncture of the Santa Ynes River and Santa Cruz Creek (said river and said creek being non-navigable streams flowing over the lands of plaintiff, . . . and said juncture being approximately 300 yards due west from said San Marcos Road) and running thence in a northwesterly direction in the Santa Cruz Canyon over said sections 1, 12, 6, 29, 30 and 31 of plaintiff's lands to the northeasterly line of defendants' lands." The court further found that defendants and their predecessors had used and claimed said private roadway adversely to plaintiff for more than five years preceding the commencement of this action; that the plaintiff had obstructed said road by erecting and maintaining

a barrier across it. Thereupon the court denied relief to the plaintiff and enjoined him from interfering with the defendants' use and enjoyment of said roadway. From this judgment the plaintiff appealed.

The appellant contends that (1) the evidence fails to support the findings to the effect that the defendants acquired an easement by prescription in said private roadway, that (2) the description of the right of way is void for uncertainty and indefiniteness, that (3) the right of way was materially changed from the former course of travel, and that (4) the findings do not support the judgment.

The appellant's property is a large stock ranch 10 miles in length, which is mountainous, rough, and adapted chiefly to grazing purposes, through the center of which flows the Santa Cruz Creek. The evidence is undisputed to the effect that the San Marcos Rancho was inclosed and cross-fenced to control the ranging of stock. For many years seven gates were maintained on the premises, two of which, at least, crossed the roadway in question. These gates were always closed with padlocks and chains, the keys to which were voluntarily supplied by appellant to the respondents and other neighbors. More than half a century ago the road began as a mere pack trail used by hunters and cowboys in search of stray stock. Like the ordinary mountain trail, it developed with the needs of the residents of that vicinity. Some years ago it assumed the dignity of a dim, rough mountain road over which woodsleds and carts passed with difficulty. Later it was improved to the extent that even an automobile has been known to have traveled its course. During all this time the owner of the ranch has maintained dominion and control over the roadway, permitting it to be used, however, without hindrance for the accommodation of the neighbors. There is no conflict of evidence over the fact that the father of defendants and their predecessor in interest on several occasions either applied to the owner of appellant's ranch for permission to improve, reconstruct or more permanently build the roadway in question, or they proceeded to do so, and upon refusal to permit the same, abandoned and desisted from their plans and operations; that whatever substantial improvements or alterations of said roadway which do exist were made within five years preceding the commencement of the present action; that the road-

way does not always follow the "course of the Santa Cruz Canyon," which alone is authorized by the findings, but sometimes traverses the adjoining hills, bluffs, or convenient mesa. The only evidence furnished, of the actual specific course of the roadway, appears from a blue-print map offered by appellant, which was drawn and testified to by a civil engineer. This map exhibits parallel lines indicating the course of the old, permanent roadway, while red lines show substantial departures from the original road at 10 different points, varying from the former roadway distances of from 70 to 430 feet. These points of departure from the original road are corroborated by several of appellant's witnesses, and in one particular by at least one of respondents' witnesses, and are not contradicted by any of the witnesses except two of the respondents themselves. However, these numerous and radical changes are denied by the two defendants, and this furnishes substantial evidence which precludes this court from interfering with the trial court's findings on this particular issue, provided the evidence can be said to support a finding of adverse possession which is sufficiently definite to identify the termini and course of the roadway to which the respondents are awarded an easement by prescription. The appellant asserts that he has never objected to the permissive use of this roadway along its former course, and claims that the present controversy arose over an obstruction which he placed across a new grade established by the respondents outside of the former line of travel near the Santa Cruz cabin.

The open, continuous, uninterrupted, adverse, and exclusive use and enjoyment of a private right of way over the land of another with the knowledge and acquiescence of the owner for a period of five years, creates a presumption of a grant, and entitles one to an easement in the roadway by prescription. (*Kripp* v. *Curtis*, 71 Cal. 62, 66 [11 Pac. 879] ; *Thomas* v. *England*, 71 Cal. 456 [12 Pac. 491] ; *Clarke* v. *Clarke*, 133 Cal. 667 [66 Pac. 10], 9 R. C. L. 772, sec. 33.) Mere permissive use is not sufficient upon which to base a claim to an easement over a right of way by prescription. If the use of the roadway is consistent with the rights of the owner, no presumption of adverse possession is created. It is essential that there should be such an invasion of the rights of the owner in the claimant's use of

the road, as to create grounds for an action against the intruder, in order to create a presumption of prescriptive rights. (*Franz* v. *Mendonca,* 131 Cal. 205 [63 Pac. 361], 9 R. C. L. 777, sec. 36.) ▆ The permissive use of a way over the land of another will never ripen into an easement by prescription, regardless of how long the privilege may have been enjoyed. (1 Cal. Jur. 599, sec. 72; 19 C. J. 897, sec. 74.) ▆ The burden is upon the party claiming the easement to prove all the elements essential to establish such a title. (*Costello* v. *Sharp,* 65 Cal. App. 152, 157 [223 Pac. 567].) When the necessary elements have been satisfactorily shown, however, the burden of proving that the use of the roadway was merely permissive as a neighborly accommodation, shifts to the owner of the land. (*Pacific Gas & Elec. Co.* v. *Crockett L. & C. Co.,* 70 Cal. App. 283, 291 [233 Pac. 370]; *Costello* v. *Sharp, supra.*) ▆ Consistent refusal to permit a claimant of an easement in a right of way to construct, repair, or alter a traveled road, and persistent maintenance of gates across the way, which are always kept locked by the owner, is persuasive evidence of mere permissive use. (19 C. J. 898, sec. 75; *Heenan* v. *Bevans,* 51 Cal. App. 277, 288 [196 Pac. 802].) It has been held that the question as to whether the use of a roadway establishes an easement by prescription, or is proof of mere permissive use as a neighborly accommodation, may be determined from the relationship existing between the parties in the light of surrounding circumstances, and if the findings of the court are supported by substantial evidence, the judgment will not be disturbed on appeal. (*Wells* v. *Diaz,* 57 Cal. App. 670 [207 Pac. 913]; *Fleming* v. *Howard,* 150 Cal. 28 [87 Pac. 908]; *Yuba Cons. Goldfields* v. *Hilton,* 16 Cal. App. 228 [116 Pac. 712, 715]; *Costello* v. *Sharp, supra.*) ▆ Yet in view of the uncertainty of the location or course of this ancient trail 10 miles in length, which meanders aimlessly through the midst of a large cattle ranch, running over hills and down dales, sometimes following a river canyon, clambering along an adjacent bluff or skirting across a convenient mesa, with no attempt to definitely describe its course by measurements or survey; with convincing evidence of numerous substantial changes in the course, in spite of the defendants' contradiction of these changes; with proof of continuous maintenance by the owner of locked

gates across the way, the evidence in the present case scarcely measures up to the specific requirements of the law with respect to the establishment of an easement by prescription. Upon the contrary, such circumstances strongly rebut the presumption created by the mere use of the roadway. The right to the unhampered use and enjoyment of one's own property, which is not in conflict with the rights acquired by others, may not be thus recklessly destroyed. ■ To establish an easement to a right of way by prescription, the evidence of adverse possession should be clear and positive, and the requirements should be strictly construed. (9 R. C. L. 782, sec. 40.) ■ The line of travel over a roadway which is claimed by prescription may not be a shifting course, but must be certain and definite. Slight deviations from the accustomed route will not defeat an easement, but substantial changes which break the continuity of the course of travel will destroy the claim to prescriptive rights. (*Vestal* v. *Young,* 147 Cal. 721 [82 Pac. 383]; *Allen* v. *San Jose Land & W. Co.,* 92 Cal. 138 [15 L. R. A. 93, 28 Pac. 215]; *Oliver* v. *Agasse,* 132 Cal. 297 [64 Pac. 401]; 19 C. J. 899, sec. 77.) A change of 20 feet in the location of a ditch has been held to defeat an easement. (*Vestal* v. *Young, supra; Felsenthal* v. *Warring,* 40 Cal. App. 119 [180 Pac. 67].) Although manifestly the distance to which a roadway may be changed without destroying an easement will be determined somewhat by the character of the land over which it passes, together with the value, improvements, and purposes to which the land is adapted. ■ The maintenance of gates by the owner, across the roadway, when such gates are always kept locked, even though keys may be supplied to the neighbors as a matter of accommodation, is substantial proof of permissive use. (*Quinn* v. *Anderson,* 70 Cal. 454 [11 Pac. 746]; *Heenan* v. *Bevans,* 51 Cal. App. 277 [196 Pac. 802]; *Schulenbarger* v. *Johnstone,* 64 Wash. 202 [116 Pac. 843]; 35 L. R. A. (N. S.) 941, note].) We are of the opinion that the evidence in the present case is insufficient to support the findings establishing prescriptive title, in view of the foregoing well-established rules of law. It therefore becomes necessary to reverse the judgment for lack of evidence in that regard.

The appellant claims that the findings in the present case are too indefinite and uncertain as to the location of the right of way to support the judgment. Neither the cross-complaint, the findings nor the judgment pretend to definitely describe the course of the roadway in which the respondents are awarded an easement by prescription. The chief issue in this case was confined to appellant's contention that respondents had made numerous material changes in the traveled route which destroyed the easement, if, indeed, they ever possessed one. The obstruction complained of by respondents, the maintenance of which was enjoined by the court, was placed across one of these departures from the old roadway, which change was claimed to have been made in 1922, two years before the action was commenced. The only evidence of the course of travel, the distances, or termini, or location of the alleged changes, was furnished by a surveyor's map which was offered by appellant. Neither this map nor the data furnished thereby is referred to in the findings or judgment. The only indication of the location or description of the disputed roadway to which the court awarded respondents an easement by prescription is the "well defined and marked roadway approximately twelve feet wide, commencing at a point on the northeasterly line of said San Marcos Road directly opposite the juncture of the Santa Cruz Creek, . . . and running thence in a northwesterly direction *in the Santa Cruz Canyon* over said sections 1, 12, 6, 29, 30 and 31, of plaintiff's lands to the northeasterly line of defendants' lands." It will be observed that the easement in the awarded right of way is confined strictly to the "Santa Cruz Canyon." The evidence indicates, without dispute, that this roadway was not confined to the canyon, but in part traversed the adjoining hills and bluffs. Mr. Haslam testified: "The old road follows around a hillside, and the change just simply takes it around the other side of the hill, apparently no object in view. There is a hill—the old road goes around one side, and the new road on the other. Q. Where on the map does the road go up the grade from the Santa Cruz Valley to the table land above it, known as the mesa? A. That is right here (pointing). . . . Q. Describe the nature and character of the land (where the road is located) . . . A. It is a flat hillside. . . . The old road goes in a straight line

up there, and the new road . . . cuts off to one side and back to the road again. . . . It is a flat hill (over which it runs)." Mr. Garett testified: "We put a barrier across . . . that first change in the road. Q. Where the road ascends the hill? A. Yes, where it leaves the valley and goes up the hill. . . . The old road went up a very steep incline . . . to the top of the next mesa, and the new road starts way back and makes an easy grade of it." Speaking of this same grade, the defendant Pasqual Grand said: "There is a big bluff—very steep; and gradually they have filled that road up and made it higher, and kind of back up a little more. That gave me a grade so I could go up with my machine—but before, it was too steep. . . . Lifting this road up gradually, threw me away to one side, maybe a few feet. There is a big .bluff there. That is the only change I made there. . . . Q. Describe the position of the roadway? A. It comes along this way up here. Here is a tree. This is a very steep grade. Pretty near on top is a big sycamore tree. Pretty near to that tree, the road makes a turn, and there is a big bluff on this side."

The findings and judgment are therefore at variance with the evidence as to the location of the roadway, as it is apparent that the road does not traverse throughout its course the canyon of the Santa Cruz Creek. The definite description of the roadway, and the location, particularly where the alleged departures from the old route existed, were issues which the appellant was entitled to have the court determine. This the court failed to do. A judgment will be reversed for failure to find upon material issues. (2 Hyatt on Trials, p. 1929, sec. 1984; *Pon* v. *Wittman,* 147 Cal. 280, 297 [2 L. R. A. (N. S.) 683, 81 Pac. 984].) In 2 Hyatt, *supra,* at page 1930, it is said: "The parties are entitled to specific findings on all matters in issue as to which there is a reasonable controversy." In the case of *Crosier* v. *Brown,* 66 W. Va. 273 [25 L. R. A. (N. S.) 174 [66 S. E. 326], which was an action to establish a private right of way by means of prescriptive easement, it was held that the line of travel must be particularly described. A statement that "Crosier is the owner of a right of way as appurtenant to his said tract of land over a portion of the land of the defendant Brown, about 500 yards in length, passing from near the western line of said tract

through the western portion of said Brown's tract of land to the public road," was held to be too indefinite and uncertain upon which to base a claim of an easement by prescription in a private roadway.

It follows in the present case that the findings are inadequate with respect to the description of the right of way, and for this additional reason are insufficient to support the judgment.

The judgment is therefore reversed.

Nourse, J., and Koford, P. J., concurred.