[Civ. No. 16566. First Dist., Div. Two. Mar. 2, 1956.]

JACK O'DEA et al., Appellants, v. COUNTY OF SAN MATEO, Respondent.

Fahey, Castagnetto & Gallen for Appellants.

Keith C. Sorenson, District Attorney, and James M. Parmelee, Deputy District Attorney, for Respondent.

DEVINE, J. pro tem.*—Plaintiffs husband and wife have appealed a judgment which denied them recovery of damages for an asserted trespass on their property. Their complaint alleged trespass and nuisance, but their claim against the county of San Mateo, they say, is essentially one of inverse eminent domain. They contend that their land was "taken," in that it was used, by the county without compensation having been made as required by the Constitution. (Cal. Const., art. I, § 14.)

Plaintiffs' residence is in an area known as Broadmoor. Back of their lot is a hillside which had become eroded by floods, and in order to protect plaintiffs' property as well as that of other owners farther down, the county caused a 15-inch cement pipe or culvert to be laid across plaintiffs' lot. This pipe was allowed to remain on the surface for about 10½ months, after which it was buried along the same line on which it had lain. The complaint of plaintiffs is not for damages occurring after the pipe was interred (although some evidence of such damage got into the record, it was not pleaded, and is not considered on this appeal), but for dam-

*Assigned by Chairman of Judicial Council.

ages alleged to have happened while the pipe remained on the surface. There was no denial by the county that specific permission to place the pipe was not given by plaintiffs. The defenses are: 1. that there was an easement across the property, and that the county was making use thereof; 2. that the county was acting in a governmental capacity under the police power and is not liable for any damages; and 3. that, in any event, there were no damages.

The evidence on which the county relies to show an easement consists of a subdivision map which has a colored strip running across the space depicting plaintiffs' lot, and the letters P.U.E. 5' (probably "public utility easement"), and also the testimony of witnesses that an easement existed. The testimony was objected to on the ground that it was a conclusion of the witnesses.

The admissibility of the evidence, some of which, at least, did consist of witnesses' conclusions, need not be discussed at length, because there was no showing whatever that if an easement existed, it included the right to keep culverts on the surface of the land. Respondent argues that "It is a matter of common knowledge that such public utility easements are of a general nature and are not limited to land beneath the surface of the ground, or a particular portion thereof." If this were so, the county need never have buried the culvert. It is not a matter of common knowledge that landowners who have granted an easement for a subsurface pipe have included surface use of the land as well. ██ ██ Nothing passes as incident to the grant of an easement except what is necessary for its reasonable enjoyment (*Parks* v. *Gates,* 186 Cal. 151 [199 P. 40]), and the burden of proving all of the elements essential to establish title is on the party claiming the easement. (*Costello* v. *Sharp,* 65 Cal.App. 152, 157 [223 P. 567]; *Matthiessen* v. *Grand,* 92 Cal.App. 504, 509 [268 P. 675].) The keeping of the pipe on the surface of plaintiffs' lot cannot be justified by the evidence, as it now stands, of an easement.

The county asserts, and the trial court found, that the county was acting in a governmental capacity to protect the health, safety and property of the residents of the county. This no doubt is true, but it does not follow that the use of plaintiffs' land could be taken, except for a period of emergency, without compensation. The county engineer testified that winter rains prevented the placing of the culvert in the ground when

it was first laid but there was no explanation for keeping it on the surface for several months. ■ As was explained in *Short* v. *Pierce County,* 194 Wash. 421 [78 P.2d 610, 616], landowners may not recover against a county for damages resulting from emergency work of flood control, but may recover for damages accruing long after flood conditions have abated.

■ The county simply appropriated the use of plaintiffs' land for a time. Such appropriation without compensation is forbidden by the constitutional proscription cited above. (*Reardon* v. *City & County of San Francisco,* 66 Cal. 492 [6 P. 317]; *Stone* v. *Cordua Irr. Dist.,* 72 Cal.App. 331 [237 P. 554].)

The cases of *Gray* v. *Reclamation Dist. No. 1500,* 174 Cal. 622 [163 P. 1024], and *Archer* v. *City of Los Angeles,* 19 Cal.2d 19 [119 P.2d 1], do hold, as respondent claims, that a loss sustained through proper exercise of the police power is *damnum absque injuria,* but they do not justify such an appropriation as was taken here. The Gray case had to do with damages produced under the police power by temporary flooding (against which landowners could protect themselves) necessarily caused by a vast plan for controlling the water courses of the Sacramento and San Joaquin Rivers. The Archer case held that the city was not liable for damages resulting from accelerating drainage, where the improvements followed the natural drainage of the country, and when an individual owner of higher lands would have the right to have acted as the defendant city did.

The final subject is that of damages. The court found that no damages had been sustained. It must be conceded that no large element of damage was present. The culvert was placed close to the property line fence, and thus it did not deprive plaintiffs of the use of any large area. It is argued by the county that if plaintiffs were entitled to any award, the damages would be nominal, and that this court should not reverse the judgment simply for the awarding of nominal damages.

■ It is, indeed, the rule that ordinarily a judgment will not be reversed simply to provide nominal damages. (*Holmes* v. *Snow Mountain W. & P. Co.,* 36 Cal.App. 394 [172 P. 178]; *Keister* v. *O'Neil,* 59 Cal.App.2d 428 [138 P.2d 723].)

However, where the defendant has made its defense under a claim of title such as the easement it claims herein, a claim

which it still makes and may assert again, and which may have an effect on the value of plaintiffs' property, an award of even nominal damages has some importance; and, moreover, it is not unlikely that on further consideration by the trial court, an award will be made which, although not large, will exceed that modicum which constitutes nominal damages. A reversal will be made where it appears that on another trial, actual damages, even though small, may be recovered. (5 C.J.S. 1416.)

The judgment is reversed and the cause is remanded.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied March 30, 1956.