[Civ. No. 6843.   Fourth Dist.   Oct. 15, 1962.]

FRANK J. BRICK, Plaintiff and Respondent, v. RICHARD M. KEIM et al., Defendants and Appellants.

Musick, Peeler & Garrett, Bruce E. Clark and Richard D. Dear for Defendants and Appellants.

James Hollowell for Plaintiff and Respondent.

SHEPARD, J.—This is an appeal by defendant from that portion of a judgment in favor of plaintiff, which decrees existence of a public easement along the northerly border of defendant's property.

### PLEADING AND FINDINGS

Plaintiff's complaint in essence pleads plaintiff's residence and land ownership; defendant's land ownership; the physical existence for more than 10 years over a described course across defendant's land of the road in question; the open and continuous use thereof by the public during all of that time; that they used it during all of that time as a public road; its use by plaintiff as a means of ingress and egress to plaintiff's land; obstruction of the road by defendant without right shortly before commencement of the action.

The trial court found that the allegations of the complaint are true, but made no detailed or specific findings of fact beyond that.

### FACTS

The roadway easement in question runs east and west adjacent to and south of the north line of defendant's land; plaintiff's land lies adjacent to and north of defendant's land.

While there is considerable conflict in the testimony, it clearly is sufficient to support the conclusion that the road in

question was used openly and continuously by all members of the public having occasion to do so from 1941 to 1957 without let or hindrance from anyone. Some of the testimony was hearsay, but was received without objection and this stands as evidence. (*Merchant etc. Assn.* v. *Kellogg E. & D. Co.,* 28 Cal.2d 594, 599 [4] [170 P.2d 923].) We cannot weigh the evidence on this appeal. (*Brewer* v. *Simpson,* 53 Cal.2d 567, 583 [1, 2] [2 Cal.Rptr. 609, 349 P.2d 289].)

## FINDINGS

■ Defendant contends that the finding that the road to the width of 18 feet was openly and continuously used for more than 10 years last past as a public road and that plaintiff and his predecessors in interest were afforded means of ingress and egress thereby to plaintiff's property is insufficient to support the judgment declaring a public road or easement over the way in question.

In support of this contention he cites *Bartholomew* v. *Staheli,* 86 Cal.App.2d 844, 854 [6] [195 P.2d 824], which analyzes a similar problem in connection with the meaning and application of that portion of Political Code section 2621 enacted in 1883, which portion reads as follows:

". . . and no route of travel used by one or more persons over another's land, shall hereafter become a public road or by-way by use, or until so declared by the board of supervisors or by dedication by the owner of the land affected."

The court there said on the subject in question,

"They claim the roadway became a public highway by user for a long period of time. We think not. The statute precludes the acquiring of a public road in that manner.

". . . . . . . . . .

"In the present case there is no evidence that the roadway was ever accepted or declared by the board of supervisors to be a public road. Nor is there evidence to show that it was used as such by the public generally prior to 1883."

However, the principles controlling dedication and acceptance by long continued public user and the inference that such user is not by license are set forth by a long line of authorities in California.

■ In *Kripp* v. *Curtis,* 71 Cal. 62 [11 P. 879] at page 66, the Supreme Court says,

"A prescription supposes a grant before the time of legal memory. It is founded on the immemorial use of the way by the claimant and his ancestors or grantors.

"Immemorial use at common law was time out of mind. Time out of mind in contemplation of law in this state is five years.

"        .        .        .        .        .        .        .        .        .

"The use of the easement for five years unexplained will .be presumed to be under a claim or assertion of right, and adverse, and not by leave of or favor of the owner. [Citations.] .

"Wherever there is a question as to the user for a sufficient length of time, and whether the circumstances are of such a character as to constitute a right by prescription, the facts are to be determined by a jury or by the court sitting as such.''

In *Schwerdtle* v. *County of Placer*, 108 Cal. 589 [41 P. 488] at page 593 it is said,

"But where the claim of the public rests upon long continued adverse use, that use establishes against the owner the conclusive presumption of consent, and so of dedication. It affords the conclusive and indisputable presumption of knowledge and acquiescence, while at the same time it negatives the idea of a mere license.''

In *Franz* v. *Mendonca*, 131 Cal. 205 [63 P. 361], the Supreme Court, citing many authorities, arrives at the same conclusions.        In *Fleming* v. *Howard*, 150 Cal. 28 [87 P. 908] at page 30 it is said,

" 'Where an open and uninterrupted use of an easement for a sufficient length of time to create the presumption of a grant is shown, if the other party relies on the fact that these acts or any part of them were permissive, it is incumbent on such party, by sufficient proof, to rebut such presumption of a non-appearing grant; otherwise the presumption stands as sufficient proof, and establishes the right.' [Citation.] ''

The entire problem is thoroughly analyzed in the later cases of *Arnold* v. *City of San Diego*, 120 Cal.App.2d 353 [261 P.2d 33] and *Union Transp. Co.* v. *County of Sacramento*, 42 Cal.2d 235 [267 P.2d 10], and the same principle is adhered to.

Defendant cites *Lantz* v. *City of Los Angeles*, 185 Cal. 262 [196 P. 481], and *Union Transp. Co.* v. *County of Sacramento*, *supra*, to the effect that mere user is insufficient. However, we do not have "mere user.''        The situation in the case at bar is recognized in the *Lantz* case, where it is said at page 268 [2],

". . . but it does not follow from this that the user of such strip of land by the public may not constitute some evidence of its dedication which, taken with other evidence showing expressly or by implication an intent on the part of the owner of the land to dedicate the same to public uses, may amount to sufficient proof of such dedication thereof as would satisfy the provisions of the foregoing section of the Political Code''; and in the *Union Transp. Co.* case, where the court, at page 241, quotes with approval from the *Schwerdtle* case the same quotation we have heretofore set forth.

It will be noted that the Supreme Court's attention in the *Union Transp. Co.* case was directed to the problem of county liability and its discussions therein contained were intended to solve that problem. The court did not disapprove the cases cited to the effect that public user may constitute acceptance of the road by the public. It carefully pointed out (p. 243) that those cases did not involve contentions of responsibility for maintenance on the political subdivision involved.

In *Hartley* v. *Vermillion,* 141 Cal. 339 [74 P. 987], at pages 348 and 349, the court analyzes the problem of statutory terminology regarding public and private roads and says,

" 'In accurate legal contemplation the term ''private road'' involves a contradiction. The term is unknown to the common law. It has its origin in American legislation. It cannot be regarded as having been employed as a substitute for the word ''way,'' as used at common law. . . . For the purpose of distinguishing between such roads and those which subserve equally the interests of all, a name for the former was needed, for the legal term ''highway'' was alike applicable to both; hence the terms ''public'' and ''private'' roads. The latter is not to be understood as being synonymous with ''ways'' at common law, but as indicating a particular class of highways or public ways over which any one may pass without committing trespass.' (*Sherman* v. *Buick,* 32 Cal. 241 [91 Am.Dec. 577].)

"It is a matter of common knowledge that many roads and highways in this state—starting, perhaps, first as mere trails—became public highways without any formal or express dedication, but by long uninterrupted use and general acquiescence. When, as in this case, the public, or such portion of the public as had occasion to use the road, traveled over the same, with full knowledge of the landowners interested, without asking or receiving any permission and without objection from any one, for a period of time beyond that required by

law to bar a right of action, a right in the public to the use of the road arises by prescription or implied dedication.''

A further clarification of the intent involved in Streets and Highways Code 904 and 941 is found in the enactment in 1955 by our Legislature of the second paragraph of said section 941 as follows,

''No public or private road shall become a county highway until and unless the board of supervisors, by appropriate resolution, has caused said road to be accepted into the county road system; nor shall any county be held liable for failure to maintain any road unless and until it has been accepted into the county road system by resolution of the board of supervisors.''

It will be noted also that when Political Code section 2621 was transposed to Streets and Highways Code section 904 its wording was changed from ''public road or byway'' to ''county highway.'' Thus, it is clear that the sections as they now stand do not interfere with the common law rule, except to protect the political subdivision from responsibility where it has not formally accepted the road as a county highway.

While the finding is certainly short of perfection, we think that in view of the pleadings, the issues and the evidence, it sufficiently meets the necessary requirements to support the judgment. Cases which have criticized such findings have been coupled with an absence of sufficient evidence to support the ultimate elements found even by the use of inferences above noted.

Other points made by the parties are sufficiently covered by the foregoing discussion.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 12, 1962.