[Civ. No. 382.   Third Appellate District.—January 29, 1908.]

## HENRY BARNES, MARY E. ROBERTS, and FRANK E. ROBERTS, Her Husband, Appellants, v. NICHOLAS DAVECK, Respondent.

PUBLIC HIGHWAY—DEDICATION—USER BY PUBLIC.—Evidence showing that a strip of land lying between the lands of the plaintiffs as they have been fenced for upward of forty years by them and their predecessors, and which had been previously used as a general roadway, and with the consent and acquiescence of the parties had been continuously used by the public at all times as a connecting link between other public highways, is sufficient to establish a dedication of the strip as a public road or highway, and the plaintiffs cannot enjoin the defendant from using the same.

ID.—CLAIM OF RIGHT BY PUBLIC—ADVERSE USER—ACQUIESCENCE OF OWNER—PRESUMPTION.—It is not always necessary for the public, in using a roadway, to proclaim that they are using it under a claim of right, where the right is asserted as flowing from long usage with the knowledge and acquiescence of the owner of the land; nor is it always necessary to show some aggressively hostile act by the public that such use was intended to be adverse to the owner. The claim of right, the adverse character of the user, and the knowledge and acquiescence of the owner of the land may be presumed from the facts and circumstances attending the use.

ID.—CONCLUSIVE PRESUMPTION OF DEDICATION—PRESUMPTION.—Where the claims of the public rest upon long-continued adverse use of a roadway, that use establishes against the owner the conclusive presumption of consent, and so of dedication, and may establish title to the easement in the public by prescription.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial. Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

T. J. Butts, for Appellants.

F. McG. Martin, for Respondent.

CHIPMAN, P. J.—Action to restrain defendant from entering upon or traveling over a certain strip of land claimed

to be owned by plaintiffs and over which they claim to have constructed a private way to their dwelling-houses. The cause was tried by the court, sitting without a jury, and defendant had the judgment.

Plaintiffs appeal from the judgment and from the order denying their motion for a new trial.

The important issues in the case are disposed of in the following findings of the court, which appellants insist are not supported by the evidence, to wit:

"II.   That plaintiffs' grantors did not construct a private way over and along said strip of land leading from the Santa Rosa and Penngrove wagon road to the dwelling-houses upon the respective ranches of said Barnes and Roberts, but did construct a way for the uses and benefits herein set out.

"That plaintiffs have not for many years prior to the commencement of this action kept and maintained said road as a private road over said lands for their mutual use and benefit, and for the use and benefit of each of their respective places, but said road has been kept and maintained and existed as a public road for more than forty-four (44) years prior to the commencement of this action, by said plaintiffs, their grantors, and by neighbors who used and traveled over the same.

"That said strip of land or road has been fenced on both sides thereof and said fences maintained thereon for at least forty-four (44) years prior to the commencement of this action, and during all of said time the westerly outlet thereof has been the Santa Rosa and Petaluma public road, unobstructed, by gate or fence or at all.   That said strip of land was not, on October 5th, 1906, nor at the commencement of this action, nor is it now, a private road or way.

"III.   That over forty-four (44) years prior to the commencement of this action, the then owners thereof made, laid out and dedicated, as and for a public road, a road over, upon and along said described strip of land, and that continuously thereafter said road has been used and is now used and traveled by the public, and for more than forty-four (44) years last past, the same has been and is now a public road or highway used as such continuously during said period by the public."

There were many witnesses at the trial and a large amount of testimony taken to show the use made of the way in ques-

tion and the character and duration of that use. There is but little dispute about the facts, the controversy being as to the application of the law to the facts.

There was much evidence tending to establish the following: A highway between Petaluma and Santa Rosa, running north and south, was dedicated and has been used as such for some forty-odd years; it bounded the lands of plaintiffs on the west; along the dividing line between their lands and beginning at this Santa Rosa and Petaluma highway the strip of land referred to in the pleadings was used as a roadway and was traveled by the public before the land was inclosed; this travel at the beginning was not confined to the strip definitely, but in a general way followed it; about forty years ago the strip of land was fenced by plaintiffs' predecessors defining the road as it now exists, thus separating the lands of plaintiff Barnes from the lands of plaintiff Roberts; this road connected with the public highway leading from Petaluma to Santa Rosa and ran east for half a mile and not far from the east end of the roadway were the residences of plaintiffs; at the east end of this roadway was a gate which was placed there when the road was fenced and has ever since remained, requiring users of the road to open it in order to pass to and from the neighborhood farther east; the west end of the road was left open; this roadway furnished a convenient means for the public to pass from the dedicated highway before mentioned to other public highways traversing other parts of the county farther east; it connected at this gate with the roadway used by the public in order to reach the other public highways, with one of which, the Bennett Valley highway, this continuation of the roadway in question connected about half a mile from the gate mentioned; the public traveled over this route continuously, using the road in question in both directions for all purposes, and there was cumulative evidence that it has been so used by the public with the knowledge and consent of the owners of the Barnes and Roberts lands and without objection from them for about forty years, as found by the court; there has been a schoolhouse for many years situated not far from the gate mentioned, to reach which some of the children in attendance had to pass over the road in question; the use of this road was general by all classes of persons and for all kinds of purposes,

and at all hours of the day, not only those traveling for pleasure, but by farmers and teamsters hauling the products of the farm to market and freights coming out of the mountains east of the Petaluma and Santa Rosa highway; there was no direct evidence of any open assertion that this use by the public was of right during these many years, nor was there direct evidence that this use was adverse to the owners of the land; there seemed to have been no occasion for such assertion or claim, as the use was never called in question or forbidden or interfered with by the owners of the land in any way; the owners did most of what work was done to keep the road in repair, but there was evidence that the neighbors did some of this work.

The position of appellants is stated as follows: "We contend that the use of the highway, no matter how long, does not even tend to prove that the highway is a public highway, unless such use is shown to have been under some claim of right and adverse to the owner, or under some claim of right with the knowledge and acquiescence of the owner; and in the case at bar, while we freely admit that the road in question has been shown to have been used by all persons who wished to travel the same, for thirty or forty years, yet we still insist that the evidence does not show that such use was adverse to the owner of the land, or that the said road was used under a claim of right by any person or persons whatsoever."

We do not feel called upon to review the numerous cases decided by our supreme court where the questions here presented were under consideration. Certain principles have been clearly established which we think decisive of this case. There are presumptions arising from certain facts which are conclusive and obviate the necessity for direct evidence to the point. It is not always necessary for the public, in using a roadway, to make proclamation that they are using it under a claim of right where the right is asserted as flowing from long usage with the knowledge and acquiescence of the owner of the land; nor is it always necessary to show some aggressively hostile act by the public that such use was intended to be adverse to the owner. The claim of right, the adverse character of the use and the knowledge and acquies-

cence of the owner of the land may be presumed from the facts and circumstances attending the use.

It was said in *Schwerdtle* v. *County of Placer*, 108 Cal. 589, [41 Pac. 448] : "Where the claim of the public rests upon long-continued adverse use, that use establishes against the owner the conclusive presumption of consent, and so of dedication. It affords the conclusive and indisputable presumption of knowledge and acquiescence, while at the same time it negatives the idea of a mere license." In speaking of adverse possession where prescriptive title to land is claimed, it has been said that the hostile possession must be open and notorious and with intent to usurp the place of the true owner and put him out of possession (*Unger* v. *Mooney*, 63 Cal. 586, [49 Am. Rep. 100]) ; but the rule as to highways requires only such adverse use and occupation as is inconsistent with the owner's right to claim the exclusive use of the land; *i. e.*, such adverse use as carries with it the assertion of an equal right by the public to use the highway. The general and indiscriminate and daily use of the road by the public, as in this case, with the knowledge and acquiescence of the owners, was evidence of its use adverse to any claim of the owners to the exclusive use of the land.

Speaking of the rule, under facts not greatly variant from the facts here, the court said, in *Hartley* v. *Vermillion*, 141 Cal. 239, [74 Pac. 987] : "When, as in this case, the public, or such portion of the public as had occasion to use the road, traveled over the same, with full knowledge of the land owners interested, without asking or receiving any permission, and without objection from anyone, for a period of time beyond that required by law to bar a right of action, a right in the public to the use of the road arises by prescription or implied dedication." In the recent case of *Fleming* v. *Howard*, 150 Cal. 28, [87 Pac. 908], it appeared that "there was an open, visible, continuous and unmolested use of the way for more than thirty years prior to the beginning of the action." The court said, speaking through Mr. Justice Shaw: "Under these circumstances it will be presumed that the use was under a claim of right, and adverse and a *prima facie* title by prescription is thereby established." (Citing Washburn on Easements, 4th ed., 156; 14 Cyc. 1147; *Kripp*

v. *Curtis*, 71 Cal. 66, [11 Pac. 879]; *Franz* v. *Mendoza*, 131
Cal. 209, [63 Pac. 361].) Mr. Jones says: "A presumption that the use was under a claim of right and adverse arises from an undisputed use of an easement for the established period of prescription; and the burden is upon the party alleging that the use has been by virtue of a license or permission to prove that fact by affirmative evidence . . . otherwise the presumption stands as sufficient proof and establishes the right." (Jones on Easements, sec. 186.) This burden was not seriously assumed by plaintiffs, much less sustained, to rebut the thoroughly well established presumption, adverse to their contention.

In Washburn on Easements and Servitudes, fourth edition, page 156, it is said: "And if there has been the use of an easement for twenty years unexplained, it will be presumed to be under a claim of right, and adverse, and be sufficient to establish a title by prescription, and to authorize the presumption of a grant unless contradicted or explained."

The rule to some extent was discussed in a recent case in this court, where it was said: "No particular act or series of acts is necessary to be done in order that the possession may be notorious, but any visible act which clearly demonstrates an intention to claim ownership and possession will be sufficient to establish claim of adverse possession. (Citing cases.) Such claim may be made out by visible acts, without any assertions by word of mouth. When the use is not secret or clandestine, but open, visible and notorious, the presumption of knowledge follows." (Citing cases; *Guernsey* v. *Antelope Creek & R. B. Water Co.*, 6 Cal. App. 387, [92 Pac. 326].)

Respondent contends that this strip of land became a public highway by operation of section 2619, Political Code, as it was originally enacted, which declared that "all roads used as such for a period of five years are highways." (Citing *Bolger* v. *Foss*, 65 Cal. 250, [3 Pac. 871]. See, also, *Southern Pacific Co.* v. *City of Pomona*, 144 Cal. 345, [77 Pac. 929].) The evidence in the case makes the section of the code applicable as it read when first in effect January 1, 1873, for the road had then been traveled by the public for twenty years, and had been fenced as an open lane as it now is for at least twelve years.

Respondent's point seems well taken, but we do not think it necessary to decide it. We are clearly of the opinion that the road became a public highway, both by dedication and prescription, under the rules of law hereinabove pointed out.

Error is claimed in admitting and excluding certain testimony. We have examined these assignments and find no erroneous ruling of sufficient importance to justify a reversal.

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.