[Civ. No. 17357. Second Dist., Div. Three. July 28, 1950.]

EVA ROBBINS, Respondent, v. JAMES H. HOLTHER et al., Appellants.

Victor Bewley and Kimball Fletcher, Jr., for Appellants.

John Moore Robinson, Allen G. Campbell and Robert M. Himrod for Respondent.

SHINN, P. J.—In this action Eva M. Robbins was awarded judgment against James H. Holther and Helen M. Holther for $5,000, with interest at the rate of 7 per cent per annum from July 30, 1947. The Holthers appeal.

In the first cause of action plaintiff set out a promissory note of defendants for $5,000, dated July 30, 1947, payable to plaintiff in 25 equal monthly installments of $200, commencing on September 15, 1947, with interest from that date at the rate of 3 per cent per annum payable monthly. Default in the payment of any instalment would render the entire note immediately due. The complaint alleged that no part of the note had been paid. Defendants Holther did not deny the foregoing allegations.

In a second cause of action plaintiff attempted to state a case of fraud. It was alleged that plaintiff loaned $5,000 to James H. Holther on December 15, 1946, that later Holther caused Perfect Products to be organized as a corporation and "caused fifty shares of the capital stock of said corporation to be issued to plaintiff for said sum of Five Thousand Dollars ($5,000.00) previously loaned and advanced to said defendant by plaintiff as aforesaid," and that no part of the sum had been paid. It was also alleged that defendants Holther later gave plaintiff the note for $5,000 as alleged in the first cause of action, and that plaintiff entered into an agreement to transfer the 50 shares of stock to James H. Holther. There were also allegations to the effect that Holther had fraudulently manipulated the affairs of Perfect Products so as to render the capital stock thereof wholly worthless, and that for her $5,000 loan to Holther plaintiff held only said promissory note.

There were three other causes of action, based upon the same transaction, but it is unnecessary to take them into consideration. The answer set up eight special defenses to the various

causes of action. One of the defenses to the first cause of action was that the consideration for the note was plaintiff's agreement to transfer to James H. Holther 50 shares of the capital stock of Perfect Products, a California corporation, which agreement, it was alleged, was illegal for the reason that said 50 shares of stock could not be legally sold or transferred without the consent of the Commissioner of Corporations, which consent had not then been given. The issue to be determined under the first cause of action was whether the note was given *as an inseparable part of an agreement that was illegal.* The undisputed facts with relation to the first cause of action are the following: 50 shares of stock had been issued to plaintiff in accordance with a permit of the Commissioner of Corporations. As required by the permit, the stock had been placed in escrow and was not subject to a consummated sale or transfer without the consent of the commissioner. By an undated agreement, presumably executed on the date of the note, July 30, 1947, plaintiff agreed to transfer the 50 shares of stock to James H. Holther who agreed to pay $5,300 for the same in 25 monthly payments of $200, and one payment of $300. This agreement was represented by Holther to the Commissioner of Corporations as conditioned upon the commissioner's giving his consent to the transfer. Although consent of the commissioner had not been obtained for transfer of the stock, plaintiff had signed a request for such consent on July 28th, 1947, and the commissioner approved the transfer September 29th, 1947. Thereafter, James H. Holther promised in writing to comply with his agreement to pay plaintiff $5,000.

Upon these simple issues the court made 47 findings, most of them by reference to the paragraphs of the pleadings. Comment on this improper and confusing method of stating the material facts found is unnecessary. The unfortunate consequences speak for themselves. We shall mention only the most important of the many contradictions and inconsistencies in the findings.

■ There are several specific findings that said promissory note "was, and is, void and was received as consideration for an interest in shares of stock of PERFECT PRODUCTS, a California corporation, in violation of the Permit for said shares issued by the Commissioner of Corporations of the State of California." The court also found that the note was not given as consideration for the purchase of the stock and "that said promissory note [being the identical note] is a legal, valid, and

subsisting joint and several obligation of defendants James H. Holther and Helen M. Holther, and each of them, and is supported by adequate consideration therefor.''

It was not pleaded by plaintiff that she held the stock only as collateral but that question seems to have arisen, as evidenced by the findings. The court found that during the month of September, 1946, plaintiff loaned $5,000 to a joint venture composed of James H. Holther, Robert Erwin Allen and Gary H. Bronneck. It was also found ''That thereafter a Permit of the said Corporate Securities Commissioner of the State of California was secured and insofar as possible the said loan by plaintiff was changed so that plaintiff became insofar as possible the owner of stock in Perfect Products, a California corporation; that such ownership was not a collateral to said loan.'' However, the court made another finding, reading as follows: ''[t]hat the interests of plaintiff in Perfect Products, a California corporation, as stockholder, are collateral to and merely as security for the indebtedness of said defendants, and each of them, to plaintiff in the amount of Five Thousand Dollars ($5,000.00).''

The conflicting findings as to whether plaintiff owned the stock or held it only as collateral relate only to an evidentiary fact. There was substantial evidence that she owned it and the finding that she did own it cannot be disregarded. The main question was whether the note was given as the purchase price of the stock. The findings are that it was, and also that it was not. It must be that the trial judge depended too much upon counsel for the preparation of findings. Only inadvertence can account for the conflicts.

Although there was a general finding ''that plaintiff has been defrauded by defendant James H. Holther, and Helen M. Holther,'' of the sum of $5,000, the facts found do not support this conclusion. Helen M. Holther was not accused of any fraudulent acts. There was no finding of damage. If defendants are liable on the note they are not liable in damages. The judgment is on the note and not for damages. It cannot be affirmed, for the reasons stated.

 Plaintiff says that no sale of the stock was consummated and in this respect there was no violation of the permit; that she did not receive consideration for the stock, but held the note conditionally, and under a duty to return it if consent to the transfer should not be granted; that her agreement was a continuing offer, upon a condition that was met, as shown

by Holther's representation to the Commissioner of Corporations and his letter to her promising to pay the note. There was no condition stated in the agreement for sale of the stock, but the transaction may, nevertheless, have been conditional if the parties so understood and intended. This is an important question of fact for the trial court and not one of law.

Plaintiff appears to have been the victim of gross imposition but the action must be retried for a proper determination of the issues.

The judgment is reversed; no costs on appeal.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied August 17, 1950.