[Civ. No. 17513. Second Dist., Div. Three. Oct. 27, 1950.]

R. E. CRUMMER, Appellant, v. BESSER MANUFACTUR-
ING COMPANY (a Corporation), Respondent.

Harry J. McClean and Chas. L. Nichols for Appellant.

Ralph W. Swagler, Carl R. Henry and Robert P. Dockeray
for Respondent.

SHINN, P. J.—Plaintiff appeals from a judgment in favor
of Besser Manufacturing Company in an action against said
company and Pacific Coast Building Products, Inc. The
judgment was in favor of the latter defendant against plain-
tiff, and also in its favor on a cross-complaint against Besser
Manufacturing Company, but the appeal is not from these
features of the judgment.

The complaint is denominated one for declaratory relief, but the action resolved itself in one for damages claimed by plaintiff against Besser Manufacturing Company. The controversy arose out of the following situation: Pacific Coast was organized for the purpose of manufacturing, from light weight aggregate, brick and other construction materials. In February, 1946, and during the following months Pacific or its predecessors ordered from Besser two machines being manufactured by the latter which were necessary in Pacific's business. The price of each machine was around $40,000 and Pacific paid on its purchase orders $1,500. Despite promises made by Besser from time to time, no machine was delivered. On December 3, 1946, Pacific agreed with Besser to purchase one more machine. The written agreement specified no time of delivery but provided that Besser would not be liable for delay or failure in delivery. On January 14, 1947, Pacific cancelled its orders for the purchase of the three machines, although it had knowledge that one of them was ready for shipment.

Plaintiff's son, R. E. Crummer, Jr., had a substantial interest in Pacific, and in the original financing of the company plaintiff had advanced $125,000. On November 15, 1946, Pacific had not entered upon production, and in addition to the mentioned loans by plaintiff had other obligations in the approximate amount of $46,000. On that date Besser, whose manufacturing business was in Michigan, attended a conference in Los Angeles, attended by plaintiff and representatives of Pacific. The local corporation was in need of an additional $100,000 to complete its financing and enable it to engage in business. It was alleged in the complaint that at that conference, "in consideration for the unconditional promise of Besser to deliver to Pacific Coast, pursuant to the aforesaid existing purchase order agreements, at least one of the aforementioned machines on or before January 1, 1947, plaintiff agreed to finance the operations of and lend to Pacific Coast the sum of $99,500.00 and in consideration of the above Pacific Coast agreed to, and did forego its right to cancel and rescind said purchase order agreements and accepted the loan of said $99,500.00 and evidenced the agreement to repay the same by promissory note payable on or before one year from date thereof with interest at the rate of 5% per annum." It was also alleged that in reliance upon said promise and agreement plaintiff loaned Pacific the sum of $99,500, and on January 1, 1947, Pacific was ready and willing to accept

delivery of the machine but that Besser failed and refused to deliver it. It was further alleged that Pacific was, on January 1, 1947, and ever since has been, insolvent, and that plaintiff has been damaged by the failure of Besser to deliver the machine as agreed in the sum of $99,500, recovery of which was sought from Besser.

The alleged agreement of Besser to deliver the machine by January 1, 1947, is the only obligation or duty which plaintiff sought to have imposed upon Besser. The claim of liability rests solely upon the existence of that agreement, a breach of it by Besser, and detriment suffered by plaintiff as a result of such breach. It follows that the very heart of the case is the finding made by the trial court as to the making of the alleged agreement. If it is construed as a finding that there was no agreement, and has support in the evidence, affirmance of the judgment will necessarily follow.

The findings should be given a liberal construction; if they are subject to a reasonable interpretation which would furnish support for the judgment they should be given such interpretation, rather than one which would defeat the judgment. (*Cleverdon* v. *Gray*, 62 Cal.App.2d 612, 619 [145 P.2d 95].) The only finding upon that issue reads as follows: "that it is true that a conference was held on or about November 15, 1946, between plaintiff and authorized officers of Besser Manufacturing Company and of Pacific Coast to discuss the question of further financial aid being extended by plaintiff to Pacific Coast and that in said conversation the duly authorized representatives of Besser Manufacturing Company expressed the ability to deliver a machine to Pacific Coast on or before January 1, 1947; that it is true that the plaintiff at said time agreed to finance the operations of and lend to Pacific Coast the sum of $99,500.00; . . . that said statement of the authorized agent of Besser Manufacturing Company with respect to the time of delivery was not made with any intent to deceive the plaintiff or to induce the plaintiff to make or advance any further loans to Pacific Coast, nor was said statement made without any intention of performing it, nor did the authorized agents of Besser commit either actual or constructive fraud in connection with the said conversation, or any promises made therein, nor was there any deceit practiced by Besser Manufacturing Company at said time or at any time thereafter; that there is not sufficient proof to show that the agents or representatives of Besser Manufacturing Company made any statement without the intention of performing

the same; that Besser Manufacturing Company has established by a preponderance of the evidence that in accordance with verbal statements made by J. H. Besser at said conference, upon his return to Alpena, Michigan, from Los Angeles, California, the said J. H. Besser took all necessary steps possible to comply with the early shipment and arranged to have a machine and attachments manufactured and shipped during the first week of January; that the said Besser Manufacturing Company expedited the preparation of said machine and attachments as rapidly and expeditiously as was possible and were ready, able and willing to ship same on the 14th day of January, 1947, at the time that Pacific Coast without cause or justification cancelled and rescinded said written order of December 3, 1946; that in connection with said conversation the Court finds that plaintiff was the promisor and that Besser Manufacturing Company was the promisee.'' It was also found that between November 15, 1946, and January 15, 1947, plaintiff advanced to Pacific $76,000, and ''that the assets of Pacific Coast were preserved and that the value of the property was enhanced in approximately an equal amount by said loans and advances and that plaintiff sustained no loss by reason of such loans and advances.'' The court found that due to insolvency Pacific was liquidated and that plaintiff had recouped some of the sums advanced, but there was no finding as to the amount of such recoupment.

The court made 16 separate findings. Some of them cover as much as two pages of closely written clerk's transcript, and consist of a mixture of evidentiary facts and conclusions. It is unnecessary to consider any of them except the one which relates to the alleged making of the agreement of Besser to deliver a machine by January 1, 1947. Plaintiff testified that the agreement was made orally by Mr. Besser; Besser denied explicitly that he had agreed to deliver a machine by January 1, 1947, or any other specific date, although he admitted having expressed the opinion that a machine could be delivered by that date and to having promised to use his best efforts to procure delivery. We construe the finding that ''the duly authorized representatives of Besser Manufacturing Company expressed the ability to deliver a machine to Pacific Coast on or before January 1, 1947,'' as a finding that no other or further promise or agreement was made by Besser. The finding is in accord with Besser's testimony and purports to state the facts as to his statements, promises and agreements at the meeting of November 15th,

the conversation had at that meeting being the one, and the only one, upon which plaintiff relies. It has ample support in the evidence. In framing the finding to conform to the evidence which was deemed credible the court was not engaging in an idle act. The finding was clearly intended to be responsive to the issue. It carries a definite implication that Besser made no representation, promise or agreement other than the expression of his ability to make delivery. It is true, as plaintiff argues, that the trial judge at one time understood that Besser had admitted on the stand that he had made the alleged agreement. This was an obvious error on the part of the court. ▮ But statements made by a trial judge in the course of the trial or in announcing his decision are not to be given any consideration when they are contrary to an express finding on the subject. (*Williams* v. *Kinsey,* 74 Cal.App.2d 583, 601 [169 P.2d 487].) It must be presumed that if, at the time the findings were signed, the court had believed that Besser made the alleged agreement there would have been a finding to that effect. Since the court found the alleged agreement was not made the judgment must be affirmed.

It is unnecessary to consider other defenses urged by defendant which are claimed to have support in the findings.

The judgment is affirmed.

Wood (Parker), J., concurred.

Vallée, J., did not participate herein.

A petition for a rehearing was denied November 22, 1950. Vallée, J., did not participate therein. Appellant's petition for a hearing by the Supreme Court was denied December 18, 1950.