[Civ. No. 18252.   Second Dist., Div. Three.   Sept. 18, 1951.]

HOWARD EGGEMAN, Respondent, v. ALFRED E. BINFORD, Appellant.

J. G. Richardson and Burke Mathes for Appellant.

Arthur E. T. Chapman and Thomas P. Cruce for Respondent.

SHINN, P. J.—Plaintiff brought this action to quiet title to two race horses and to require defendant to account for money advanced to him as plaintiff's agent. Defendant answered and filed a cross-complaint, claiming a partnership interest in the horses and seeking reimbursement for $4,266.41 paid out for the use and benefit of plaintiff in keeping and racing the horses. Plaintiff had judgment quieting his title and for the sum of $1,374. Defendant appeals. Plaintiff has not filed a brief. Although we were not required to examine into the merits of the appeal (*Berry* v. *Ryan*, 97 Cal. App.2d 492 [217 P.2d 1015]), we have done so, since it has required no more than a casual inspection of the record.

The sole ground of the appeal is that the court made findings and entered judgment before the trial had been concluded and without giving defendant an opportunity to introduce evidence as to the sums he had expended on plaintiff's behalf.

With the consent of the parties the court took evidence upon the issue of ownership, which involved the claim of defendant that he was a partner of plaintiff in ownership of the horses. This issue was submitted and taken under advisement with the understanding that additional evidence would be taken on the accounting issue after the ownership issue had been decided. This understanding was made clear, not only by the statements of the court and counsel but also by the exclusion of evidence of expenditures by the parties upon the ground that the sole issue being tried was that of ownership. Some six weeks after the submission the court made findings that no partnership existed and that defendant

was indebted to plaintiff and gave judgment quieting plaintiff's title to one horse and to the amount deposited with a turf club when the other horse was claimed and awarding plaintiff $2,500. Defendant moved for a new trial upon several grounds, among them the ground that he had been deprived of an opportunity to fully present his case. He submitted an affiavit listing expenditures which exceeded in a substantial amount the sums which he had received from plaintiff. The motion was argued and submitted. Several days thereafter, without receiving further evidence, or affording defendant an opportunity to present any, the court made an order that defendant was allowed offsets in the sum of $1,126 "as per argument on motion for new trial," and directing that revised and supplemental findings be prepared by counsel for plaintiff. The new finding was: "The Court finds that after statement of counsel for plaintiff, and statement of counsel for defendant, that the plaintiff is entitled to Judgment in the sum of $1,374.00 for moneys that defendant, Alfred E. Bindord, has failed and neglected to account to the plaintiff for on plaintiff's Second Cause of Action." The motion for new trial was denied. The judgment was altered by striking out $2,500 and inserting $1,374.

We have no record as to the statements of counsel on the argument of the motion but it is clear from the entire record that there was no agreement that any sum was due plaintiff. Whatever the argument may have been, it appears that plaintiff's counsel won it.

The judgment was rendered before the trial had been finished. Defendant did not have his day in court. Inasmuch as plaintiff filed no brief we assume that his counsel were of the opinion, and advised him that the procedural errors are fatal to the judgment.

Again we make comment on the matter of findings. There were the following issues in the case: (1) Ownership of the horses, whether in plaintiff or a partnership composed of the parties; (2) the amount advanced by plaintiff to defendant for plaintiff's use and benefit; (3) the amount expended by defendant for the use and benefit of plaintiff; (4) the amount, if any, due from one party to the other. The court made 37 findings, of which 33 were wholly unnecessary. They merely encumber the record and represent a waste of time and effort. In the decision of the issues in the case it was immaterial whether the parties were residents of Los Angeles County, whether "Remember Mama" is a bay gelding

5 years old or 3 years old or "Court Toubo" a black gelding six years old or whether "Court Toubo" did not run at Del Mar September 9, 1949, or whether "Remember Mama" ran once and was out of the money, as to all of which facts, as well as many others, equally irrelevant, there were specific findings. The findings covering 12 of the 13 pages were upon mere matters of evidence having no material bearing upon the ultimate issues. The preparation of findings in proper form is a branch of the practice that appears to be given far too little consideration.

The judgment is affirmed as it quiets plaintiff's title to the horses and reversed as to the award of money and for a retrial of the respective demands of the parties; appellant to recover costs of appeal.

Wood (Parker), J., and Vallée, J., concurred.