[Civ. No. 18606. Second Dist., Div. Three.  Jan. 25, 1952.]

DOROTHY  SANAL, Appellant, v.  JOHN  DONALD
MEADOR et al., Respondents.

William H. Brawner and Newell & Chester for Appellant.

Knight, Gitelson, Ashton & Hagenbaugh for Respondents.

SHINN, P. J.—Plaintiff appeals from a judgment in favor of defendant Meador in an action for damages arising out of an accident in which plaintiff was injured when she was struck by defendant's automobile as she was crossing Glenoaks Boulevard at Colgin Court, in the city of Burbank.

The action was first tried to a jury, but after the jury disagreed was submitted to and decided by the trial judge. The court found that defendant was not negligent in the operation of his automobile, and that plaintiff was guilty of contributory negligence. These findings are challenged as being without support in the evidence. It is also contended by plaintiff that the court failed to make its findings upon the most important factual question in the case, namely, whether plaintiff, when she was struck, was in an unmarked crosswalk.

Glenoaks Boulevard, a north and south street, is approximately 60 feet in width. Colgin Court is located on the east side of Glenoaks between Santa Anita Avenue to the north, and Providencia Avenue to the south. It is 15 feet 6 inches in width between curbs and has narrow sidewalks extending along its northerly and southerly lines. There are many small houses, placed side by side, facing the court. Opposite Colgin Court, and extending westerly from Glenoaks, is an alley of the same dimensions as Colgin Court. At about 5:15 p.m. on the 29th day of October, 1949, plaintiff drove

her automobile south on Glenoaks and parked it at the west curb just north of the intersection of the alley. At that time there was a single streetcar line on the west half of Glenoaks, the east rail of which was a few feet west of the center line of the boulevard, which center line was marked by one or two white lines. Plaintiff emerged from her car and walked across the westerly half of Glenoaks. She stopped at the center line waiting for the passage of northbound vehicular traffic on the east half of Glenoaks. It was dusk and headlights of the cars were burning, some on low beam and some on high beam. As she was standing near the middle of the street she was struck by defendant's car traveling south in the car tracks on Glenoaks. She was knocked to the ground ahead of the car, was rendered unconscious, suffered numerous fractures and other serious injuries. Defendant had previously lost the sight of one eye but otherwise possessed normal vision. The weather was clear and the street was dry. Defendant testified that he did not see plaintiff until he was within two car lengths of her; he was driving 20 or 25 miles an hour with his lights on low beam; other cars were passing him on his right; upon seeing plaintiff he applied his brakes and endeavored to stop, and did stop within a car length after striking plaintiff. Plaintiff testified that she was dressed in a brown blouse and blue jeans, that as she entered Glenoaks she looked to the left, or north, and saw no car approaching south of Santa Anita, 150 feet or more to the north. Having reached the middle of the street she watched for traffic traveling north. She again looked to the north on the west side of the street and for the first time saw defendant's car which was practically upon her. Before she had an opportunity to escape she was struck.

The court found that defendant was not negligent, and that plaintiff was guilty of contributory negligence.

A primary factual question was whether plaintiff was in a crosswalk. The complaint read in paragraph V as follows: ". . . the plaintiff was walking across said Glenoaks Boulevard at or about the northerly intersection of said Glenoaks Boulevard with Colgin Court, and at and in the usual and regular crossing for pedestrians on said street, at said intersection." This was considered during the trial as a sufficient allegation that plaintiff was in a crosswalk, and evidence was introduced as to whether a crosswalk existed and whether plaintiff was in it. The court made the follow-

ing finding: "That all of the allegations contained in paragraph V of said Complaint are untrue except that an accident did occur on October 29, 1949, near the intersection of said Glenoaks Boulevard with Colgin Court between the Chrysler automobile operated by defendant JOHN DONALD MEADOR and the person of plaintiff, and that plaintiff did sustain certain injuries." This finding could mean either that there was a crosswalk and that plaintiff was not in it, or that there was no crosswalk. Defendant would have us hold it to be merely a finding that if there was a crosswalk plaintiff was not in it. The learned trial judge would not have made such an ambiguous and inconclusive finding. The complaint was deemed sufficient to allege there was a crosswalk. Counsel for defendant in drafting the findings to negative the allegation no doubt understood that they negatived the existence of a crosswalk. It is a situation that will continue to occur as long as attorneys incorporate in findings ambiguous allegations of the pleadings, and courts sign them in the hope that they are sufficient to settle the material facts. We cannot agree with defendant's construction of the finding.

If plaintiff was in a crosswalk she had the right of way over vehicles (Veh. Code, § 560); if she was crossing Glenoaks at a point other than within a crosswalk it would have been her duty to yield the right of way to vehicles (Veh. Code, § 562). ■ Failure to yield the right of way is negligence. The duties of the respective parties in this respect lay at the very foundation of their conduct from which negligence or the absence of negligence was to be found. ■ All the witnesses who testified to plaintiff's position placed her at or about the northerly line of the intersection. The undisputed evidence was that defendant's car traveled about a car length after striking plaintiff and came to rest with its rear end at the north line of the intersection. Plaintiff lay in the intersection a few feet ahead of the car. Her car, which she had just left, was parked at the north line of the intersection. It was not disputed that she was traveling straight across Glenoaks. We must resolve the ambiguity of the finding in the light of this evidence, and we cannot construe it as a finding that plaintiff was not struck at the north intersection of the two roadways. In view of the fact that the court made a finding on the subject it was clearly the intention to find that a crosswalk did or did not exist. Defendant contended at the trial there was no crosswalk, and introduced evidence which he claimed, and still claims,

ruled out the existence of a crosswalk. We construe the finding as a decision that there was no crosswalk.

The next question is whether the evidence supports this finding. Defendant's contention is that the area covered by the cement sidewalks was never dedicated as a part of Colgin Court. He introduced testimony given by a deputy city engineer to the effect that the city of Burbank does not maintain the sidewalks. Relying upon these facts he insists that no crosswalks existed across Glenoaks. This contention requires consideration of one of the court's findings, certain sections of the Vehicle Code, and also the circumstances under which Colgin Court became a street and the uses that have been made of it.

The complaint alleged, the answer admitted, and the court found that Glenoaks Boulevard and Colgin Court were and are public highways in the city of Burbank, intersecting at approximate right angles. Therefore they were streets within the definition of section 81 of the Vehicle Code which defines a street as: "A way or place, of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel." The paved area of Colgin Court between curbs was a roadway, which is defined by section 83 of the Vehicle Code as "that portion of a highway improved, designed or ordinarily used for vehicular travel." A sidewalk is defined by section 84 of the Vehicle Code as "that portion of a highway, other than the roadway, set apart for pedestrian travel." One of the definitions of a crosswalk in section 85 of the Vehicle Code is: "That portion of a roadway ordinarily included within the prolongation or connection of the boundary lines of sidewalks at intersections where the intersecting roadways meet at approximately right angles, except the prolongation of any such lines from an alley across a street." It necessarily follows that if the sidewalks were part of the street (Colgin Court), those portions of Glenoaks included within the prolongation of the lines of such sidewalks were crosswalks.

Colgin Court was accepted as a public street by ordinance of the city of Burbank adopted in 1938. On the original subdivision map it was designated as an alley and this alley now extends westerly from Glenoaks. It does not appear in the evidence when the court was first laid out, although it does appear that that area has been a part of the city of Burbank since 1927. The ordinance by which Colgin Court was accepted by the city as a street described it as extending

from Glenoaks to Sixth Street, or for a distance of two blocks, but did not describe the width of the area which was accepted. In view of the evidence as to the residences that are on Colgin Court, and the length of time for which the court has been a public street of Burbank, it was a reasonable inference that the sidewalks were at the time of acceptance a part of the street. But whether or not this be true, we think it was a necessary inference that there has been a public use of the sidewalks for many years. Unquestionably they were laid out for public use, just as the roadway itself was laid out. It would be quite unreasonable to ignore the inference that these sidewalks, on the boundaries of a street that has existed for many years, have during that time been generally used by the public. They furnish the only means provided for pedestrians entering or leaving the residential area through which the street extends. It would be difficult to imagine circumstances under which sidewalks so located could remain exclusively in private ownership, and the use thereof by the public generally be regarded other than as a public use. ▇ It is of course well settled that areas of private property laid out and improved with the intention that they be publicly used as streets or sidewalks may become such through continued public use as effectually as by express dedication. The construction of sidewalks on either side of Colgin Court, whether, at the time, it was called a court or an alley, for the use of lot owners whose houses face the roadway, and of others who might have occasion to use the walks, is the strongest evidence of an intention to convert them from private to public ownership. The law on the subject is thoroughly expounded in *Laguna Beach* v. *Consolidated Mtg. Co.,* 68 Cal.App.2d 38 [155 P.2d 844] ; *Barnes* v. *Daveck,* 7 Cal.App. 487 [94 P. 779], and numerous cases there cited.

Defendant relies heavily upon the testimony of the deputy city engineer that although the roadway of the court is maintained by the city, the sidewalks are not, and he contends that unless they have been so maintained they are private walks and not subject to public use. We attach little importance to this testimony. It meant only that the city had done nothing for the maintenance of the sidewalks. ▇ Although under section 81 of the Vehicle Code a way or place becomes a street if it is publicly maintained and open for public vehicular travel, the mere fact that over a period of years an existing street, including sidewalks, has not re-

quired maintenance work, does not alter its character as public property. There was no evidence that the city has ever been called upon to do maintenance work, or that the sidewalks from the time they were installed have ever needed repair. But aside from this, we think defendant gives section 81 too narrow a construction. It is the *roadway* that must be maintained and open to the use of the public for purposes of *vehicular* travel. Colgin Court is such a street, and if there are adjoining public sidewalks they are a part of the street. If maintenance of the sidewalks enters into the matter in any way it is not to aid in determining whether the walks are public or private but only collaterally, as affecting the duty of the city, which is quite beside the question. ■ We therefore conclude there was insufficient evidence to support the finding that a crosswalk does not exist in the area.

■ Defendant calls attention to the testimony of two witnesses, each of whom testified that immediately before she was struck plaintiff took a step toward the car, and "whirled." Defendant argues that if plaintiff had not taken this step she would not have been struck by his car and that for this reason alone the court was justified in finding that defendant was not negligent and plaintiff was guilty of contributory negligence. We cannot agree. The fact that plaintiff took a false step when confronted with sudden danger would be of slight importance in deciding the questions of negligence and contributory negligence, as compared with the fact as to her position—whether within or outside a crosswalk. It would not only be unfair and unjust to plaintiff and the trial court, but also an unwarranted assumption of fact, for us to say that the trial court's conclusions as to negligence and contributory negligence would have been the same if it had been found that plaintiff was standing in a crosswalk.

The judgment is reversed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied February 15, 1952, and respondents' petition for a hearing by the Supreme Court was denied March 24, 1952. Schauer, J., was of the opinion that the petition should be granted.