[Civ. No. 18825.   Second Dist., Div. Three.   June 26, 1952.]

WAYNE SWANSON, Appellant, v. HOWARD W. WHEELER, Respondent.

Elwood Bowles for Appellant.

Walleck & Olstyn, and Henry L. Walleck for Respondent.

SHINN, P. J.—Plaintiff sued for $5,000 as money had and received for his use and benefit.  His claim was in reality for money due under an express oral agreement and which also became due upon mutual cancellation of the agreement; defendant counterclaimed for $5,000 alleged to be due him under the same agreement, and for other relief.  Plaintiff appeals on the judgment roll from the judgment rendered in a trial to the court.  Defendant has not filed a brief.

The court made the following findings:  August 8, 1949, defendant orally agreed to sell and plaintiff agreed to buy a poultry business for $10,000, $5,000 down and the balance on or before January 1, 1950 (this time was extended to August 8, 1950), title was to remain in defendant until the purchase price should be paid; plaintiff was given the right and privilege of withdrawing from the purchase of the business

within one year from August 8, 1949, and in the event plaintiff did so withdraw, his $5,000 down payment was to be returned to him; defendant was to retain the profits of the business for the first year; plaintiff paid $5,000 and no more; the business was jointly operated; the profits between August 8, 1949, and February 28, 1950, were $3,343.57; on February 17, 1950, plaintiff withdrew from the business and demanded $5,000; on that day the agreement for sale and purchase of the business was cancelled and terminated by mutual agreement and defendant promised and agreed to return to plaintiff $5,000, but failed to do so; between October 1, 1949, and February 17, 1950, $410.15 was expended for gas and oil for plaintiff's truck which was used in the business, and $391.25 for repairs on plaintiff's truck, defendant's truck and defendant's private automobile. The court also found it was not true that $5,000 was due, owing and unpaid from plaintiff to defendant.

The court drew conclusions of law from the facts found, as set out below.[1] The judgment was practically identical with the conclusions of law. Plaintiff made a motion under section 663, Code of Civil Procedure, for new conclusions of law and a different judgment on the findings, awarding him $5,000 and interest; the motion was denied.

It appears from the record that plaintiff's attorney was directed to prepare findings and judgment. It also appears from a memorandum decision of the trial judge that he understood during the trial that the parties wished to com-

---

[1] "Cross-complainant Howard W. Wheeler, is entitled to recover from cross-defendant Wayne Swanson, the sum of $5,000.00 with interest thereon at the rate of 7% per annum from January 1, 1950, on condition that within thirty (30) days from the date of entry of judgment herein, cross-complainant deliver to cross-defendant, all documents necessary to transfer to cross-defendant the title and good will to the business known as Howard Wheeler Poultry, as of February 18, 1950, and the assets of said business consisting of: one 1948 GMC truck with one-ton flat bed; all coops on the property at 13412 Victory Boulevard, Van Nuys, California, or elsewhere, used in said business; one Fairbanks scale, 500-pound capacity; one Fairbanks scale, 1000-pound capacity; two spring scales; One L. C. Smith adding machine; all batteries, and other moveable equipment now used in said business wherever located, and on the further condition that cross-complainant pay to cross-defendant the net profits of Howard Wheeler Poultry for the period from August 1, 1949, to February 28, 1950.

"In the alternative, and in the event the foregoing conditions are not complied with, plaintiff shall be entitled to judgment against defendant for the sum of $5,000.00 with interest at the rate of 7% per annum from February 13, 1950, less the sum of $605.77 being the cost of the care, maintenance and operation of plaintiff's truck used by him in connection with the business of defendant."

plete the sale and purchase of the property. There is nothing to that effect in the findings, nor elsewhere in the record. The statement may not be considered for any purpose and it also appears to have been in error as to the facts. It would seem that if the parties had desired to complete the transaction they would have done so, and would not be before us with an appeal.

The findings are all in favor of plaintiff and the conclusions and judgment are in favor of defendant for specific performance of the agreement. Plaintiff was entitled to judgment on the findings for several reasons, first, under the terms of the original agreement upon his withdrawing from the business, second, as a legal consequence of the cancellation of the agreement, and third, under the agreement of defendant to repay the money upon cancellation of the agreement.

We are at a loss to account for the conflict between the findings and the conclusions. It might be supposed they were not prepared by counsel in accordance with the court's directions, and were signed without knowledge of what they contained, but this does not seem to be a reasonable explanation in view of the fact that plaintiff made a motion for other conclusions and judgment, consistent with the findings, and this motion was denied. We cannot understand why the motion was denied, when it was clear that the present judgment could not stand. The fact that defendant did not file a brief indicates that his counsel were of the opinion that the judgment could not be sustained.

Again we call attention to the importance of having correct and adequate findings. Although it is the policy of reviewing courts to give findings a liberal construction in support of the judgment, even liberality has its limits, and the court may not, through purported construction, ignore clear and positive findings or supply those that are missing. Inadequate, contradictory and ambiguous findings create difficult problems on appeal and ofter imperil the judgment. We seldom see a set of findings that are decisive of the material ultimate issues of fact, and contain no evidentiary and redundant matter. We have had occasion before to comment upon the subject. (See *Eggeman* v. *Binford,* 106 Cal.App.2d 556 [235 P.2d 409] ; *Robbins* v. *Holther,* 98 Cal.App.2d 674 [220 P.2d 585] ; *Crummer* v. *Besser Mfg. Co.,* 100 Cal.App.2d 189 [223 P.2d 100] ; *Alles* v. *Hipp,* 108 Cal.App.2d 730 [239 P.2d 451] ; *Sanal* v. *Meador,* 108 Cal.App.2d 820 [239 P.2d 908].)

There is no apparent reason for deducting from the sum due plaintiff the expenses of the operation and repair of his truck which was used in the business, or of the repairs to defendant's truck and automobile. Defendant retains the profits of the business. He promised to pay plaintiff the exact sum of $5,000, and there is no finding that any deductions were to be made.

The purported appeal from the order denying motion to vacate the judgment is dismissed. The judgment is reversed with directions to vacate the conclusions and judgment, make new conclusions of law consistent with this opinion, and enter judgment in favor of plaintiff against defendant for $5,000, with interest at 7 per cent per annum from February 17, 1950.

Wood (Parker), J., and Vallée, J., concurred.