[Civ. No. 19992.   Second Dist., Div. Three.   Apr. 8, 1954.]

HOSIE HILL, Appellant, v. ROWLAND W. WILSON et al., Respondents.

Abels & Johnson and Ulma A. Abels for Appellant.

Henry R. Thomas, Wayne Veatch, Henry F. Walker and H. Thomas Ellerby for Respondents.

SHINN, P. J.—In this action against Los Angeles Transit Lines and Rowland W. Wilson plaintiff appeals from a judgment of nonsuit in a nonjury trial. The question is whether there was legally sufficient evidence to support findings that either defendant was negligent and that plaintiff was not guilty of contributory negligence. We are satisfied that findings of liability of either defendant would have had no support in the evidence.

Plaintiff boarded a bus of Los Angeles Transit Lines at 41st and Central in Los Angeles. The bus travelled south and came to a stop headed west on 58th Street about 100 feet east of Central. 58th Street is 40 feet wide. Also, stopped in front of plaintiff's bus, were two or more busses which were some distance from the north curb and two or more which were at the curb. Cars were parked at the curb. The bus plaintiff rode was 6 or 8 feet from the curb. Plaintiff, unaccustomed to travel on busses, told the driver his destination and was told that he should go west to Central Avenue, then one block south to Slauson, where he would transfer to a bus at the southwest corner. There were numerous people alighting from the bus and plaintiff testified that the driver told him to follow them. According to plaintiff some of these people started across 58th Street to the south curb,

and he left the bus on the right or north side, as the other people had done. He passed some 2 feet in front of the bus, walking about 2 feet to the south of the bus, where he observed the car of defendant Wilson approaching from the east, and about the length of the bus away. (The bus is 38 feet long.) Plaintiff and the car came together at the point where plaintiff first saw the car. According to plaintiff the car was coming at a speed of 30 or 35 miles per hour. Plaintiff testified he was "swiped" by the car and knocked down. He was not struck by the front of the car. He did not look to the east before he reached the point where he collided with the car. Wilson applied his brakes and stopped his car within its own length. According to plaintiff it stopped "right there." The foregoing recital is from plaintiff's testimony.

Although the question of negligence of defendants is argued fully in the briefs we shall consider first the question of contributory negligence. Plaintiff's testimony developed a clear case of contributory negligence. There was no marked or unmarked crosswalk at the point where plaintiff started to cross 58th Street. He had to go west to Central, then south to Slauson. He alighted from the north side of the bus. There was nothing to prevent him from walking to Central Avenue on the north side of 58th Street and crossing at the intersection. Passengers who were transferring to a bus to be taken at Central and Slauson would naturally have taken that course. The bus driver told plaintiff to follow the other passengers. Although plaintiff testified that some of them crossed 58th Street at the point where the bus was stopped, there was no evidence that the bus driver told plaintiff to follow anyone across the street. However, plaintiff stepped out 2 feet in front of the bus and 2 feet beyond it and walked into the side of an automobile. ▇ Since there was no crosswalk there it was plaintiff's duty to yield the right of way to passing automobiles. (Veh. Code, § 562; *Sanal* v. *Meador*, 108 Cal.App.2d 820 [239 P.2d 908].) He did not do this. He could have looked to the east while he was still protected by the bus. He did not have to walk out into a position of danger, one from which, as he said, he could not escape after he saw the car. It is clear that he was still moving when he collided with the car since he was not struck by the front of it, and the car did not change direction. Wilson testified under section 2055, Code of Civil Procedure, that he stopped his car behind the bus for a minute or more and was pro-

ceeding at not over 10 or 15 miles per hour at the time of the collision. We only mention Wilson's testimony as to his stopping because plaintiff's argument assumes it to be the fact.

We are not enlightened in plaintiff's brief as to how he justifies his conduct except by the statement: "It would, therefore, logically follow that the plaintiff herein had a right to rely on the instructions of the bus driver to alight at the place that he did, and to follow the other pedestrian traffic." It is true, of course, as plaintiff says, that contributory negligence is not established as a matter of law, even upon undisputed facts, if reasonable minds could reach different conclusions upon the question. We are of the opinion, however, that reasonable conclusions, from whatever source, would not be contrary to our own.

If plaintiff's evidence had been to the effect that he merely stepped beyond the bus in order to see whether cars were approaching, and was unable to get back out of the way of a car coming at a wholly unexpected and excessive speed, there might have been some excuse for his conduct. But his estimate of the speed of the Wilson car at 30 to 35 miles per hour was little short of ridiculous. If, as he states in his brief, the car had come to a standstill some 40 feet away it would have been an impossibility for it to be accelerated to the estimated speed. And if, as plaintiff testified, the car came to an immediate stop when he walked into it, the speed of its approach was necessarily moderate. ■ Under the admitted facts plaintiff was guilty of negligence as a matter of law, and since he walked into the car in negligently attempting to cross the street, his negligence was a proximate cause of the accident.

■ Upon the question of defendants' negligence it is undisputed that the bus driver afforded plaintiff an opportunity to alight, and that he did alight from the bus in complete safety; plaintiff's conduct after that was his own responsibility. The driver did not direct plaintiff to cross the street where there was no crosswalk, and even if he had done so it would have been a mere act of courtesy, and not in the performance of any duty owed to plaintiff. He was a working man, not a child.

■ Defendant Wilson had a right to rely upon observance of the law by pedestrians, and, until he knew, or in the exercise of ordinary care would have known that he would not be given the right of way by pedestrians as he passed the

bus, he had a right to assume that they would yield him the right of way. ■ We have, then, the case of a man driving a car at a speed which enabled him to stop in a car's length, and alert to his surroundings, charged with negligence by a pedestrian who, in violation of his duty to yield the right of way, walks out suddenly from in front of a standing bus and into the side of the car. Since the streets do not belong exclusively to pedestrians, and they have a duty to obey the law equal to that of motorists, the uncontroverted facts we have related made it the duty of the court to relieve the motorist of responsibility without undue delay. The judgment of nonsuit was proper. Our only difficulty is in understanding why the defendants moved for a nonsuit instead of submitting the case. The bus driver had testified as a witness for plaintiff. Wilson had testified fully as to the circumstances of the accident. No purpose would have been served by producing testimony contradictory of that of plaintiff. And yet defendants moved for a nonsuit and ran the risk of a reviewing court's discovering some possible basis of liability under the rules governing nonsuits. Fortunately for them we are of the opinion that plaintiff's evidence clearly established absence of liability.

In view of our conclusion as to plaintiff's negligence there are no other points requiring discussion.

The judgment is affirmed.

Wood (Parker), J., and Valleé, J., concurred.